By the Court.*—Van Hoesen, J.
On the application of the plaintiff, Judge J. F. Daly, at special term, ordered the defendants, Jennings and Jones, to give a bill of particulars of some of the matters pleaded by them in justification of an alleged libel upon the plaintiff. Afterwards, upon the application of the plaintiff, Judge Vah Brunt, at special term, ordered the defendant, Dana, to give to the plaintiff a similar bill of particulars.
The defendant, Dana, appealed from the order of Judge Vah Brunt, and the plaintiff and the defendants Jones and Jennings, all appealed from the order of Judge Daly.
The appeals were argued at the same time, and two questions were discussed upon the argument, and are now to be determined.
*279 First. Has the court power in an action for libel, to require the defendant to give the plaintiff a bill of particulars of the matters pleaded in justification % Secondly. If the court possesses such powers did the plaintiff in these cases present good reason for its exercise %
The plaintiff complains that the defendants in both actions published concerning him the same libelous statement. That statement is general and vague. It alleges that the plaintiff is an old swindler, and refers in a loose way to some transactions of a questionable character in which he was engaged at different places in former years. The defendant, Dana, attempts to justify by simply alleging that the charges of the statement are true. The defendants, Jones and Jennings, not content with the general allegation of the truth of the charges, plead, with fullness and circumstantiality, the facts by which they expect to establish the truth of their imputations upon the plaintiff.
There is no precedent in this State for a bill of particulars in a libel suit. In all probability, the plaintiff would not have thought of asking particulars in these cases but for the decision in Tilton ». Beecher (59 N. Y. 176). Because the court of appeals decided in that case that it was in the power of a court of original jurisdiction to order the plaintiff to furnish a bill of particulars in an action for criminal conversation, it seems to be supposed that hereafter a bill of particulars is to be as much a matter of course in an action of tort, as it has hitherto been in an ordinary action on a book account. If Tilton v. Beecher had never been decided, there would still be abundant authority for holding that it is a necessary part of the powers of every court of general jurisdiction to order bills of particulars whenever a party is unable to ascertain from the general statements composing the pleadings of his opponent, what particular questions of fact he must prepare himself to try.
*280 It is true that in New York the courts have never ordered particulars in any actions of tort, except trover and ejectment; but in England and in Ireland, as well as in several States of the American Union, courts whose inherent powers are the same as those of our own courts have ordered bills of particulars in trespass, in actions for nuisance, and in actions for libel.
In Jones v. Bewicke (5 L. R. G. P. 32), which was an action for libel, the defendant, who had charged the plaintiff with perjury, and who pleaded by way of justification that the charge was true, was compelled to give particulars of the matters he relied on to justify the libel.
In Wren v. Weild (4 L. R. Q. B. 213), the defendant, who had stated to persons who had bought certain machines of the plaintiff, that such machines were an infringement of his patent, was ordered by the Queen’s Bench to furnish to the plaintiff a bill of particulars specifying in what respects the machines infringed his patent. In Wood v. Jones (1 Post. & P. 301), the plaintiff, in an action for slander, was compelled to furnish the names of the persons to whom the defendant had communicated the slander, and whose patronage the plaintiff had lost in consequence of the aspersions.
In Slator v. Slator (8 Law Times Rep. N. S. 856), the plaintiff was ordered to give particulars of the occasions on which the defendant had uttered the slander. The plaintiff’s counsel stated, in the course of his argument, that he had searched the books from Grolce Jace downward, without finding a precedent in England for the application. In Lagan v. Gibson, Irish Exchequer Nov. 12, 15, 1875 (reported in 9 Irish Rep. C. L. Series, 507), which was an action for seduction, the defendant applied for a bill of particulars, and the chief baron, though denying the application, used the following language on the subject of the *281 power of the court to order particulars. “ There is no doubt that the court has an inherent jurisdiction to order particulars in all cases in which it is satisfied by affidavit, that, either for the purpose of pleading, or of defense at the trial, the plaintiff should more clearly define his cause of action. The application, however, is not of course: special grounds and circumstances must be proved, to show the necessity for more specific information.”
The cases of Echlin v. Brady (17 Irish Jur. 188); and Early v. Smith (12 Irish L. R. N. S. Append, xxxv), both establishing the power of the court to order particulars, were mentioned with approval by the court of appeals, in Tilton v. Beecher.
In True v. Plumley (36 Me. 476), and in Clark v. Munsell (6 Metc. 373), the plaintiffs were compelled to furnish particulars of the facts constituting a right of action for slander. Whilst there is no doubt that the courts that I have mentioned have never until recently exercised the power, it cannot now be questioned that they have, even in actions of tort, an inherent jurisdiction, to quote the words of Chief Baron Palles, “to order particulars.”
It is contended, however, by the counsel for the defendants, that the courts of Hew York have not the power to order particulars that is possessed by the courts in the United Kingdom, because the Code, which was intended as a revision of, or as a substitute for, the old common law practice, makes no provision for bills of particulars, except where an account is pleaded, or where the claim of a party is lacking in definiteness. The word claim has, it is argued, a signification well settled and thoroughly understood. It implies, we are told, a demand for affirmative relief; and for the purpose of showing such to be its meaning, various definitions of the word have been collected from the law dictionaries of Jacob, Bouvier and Bur- *282 rill. All the definitions agree that a claim is a demand for a thing, the ownership of which, or an interest in which, is in the claimant, but the possession of which is wrongfully withheld by another.
It is singular that no one of the definitions fairly covers the demand made by Tilton against Beecher. It would be doing violence to language to say that the damages which Tilton sought, were property which he owned, and which Beecher wrongfully withheld. The court of appeals, when they declared it to be within the power of the city court of Brooklyn, to order Tilton to furnish particulars, must have regarded the word claim, in "section 158, as having a broader signification than the law dictionaries ascribe to it. In common parlance, a claim means an assertion, a pretension. When claim is used as a verb, many respectable writers seem to regard it as a synonyme for state, urge, insist, or assert. Thus, Judge Yaw Bbtjwt, in his very able opinion as special term, speaks of actions in which the “ indebtedness is claimed to have arisen.” And Judge Bapallo, in his opinion in Tilton v. Beecher, says, “It is claimed that an important element in the case consists of confessions.” Again, he says, “ He denies that the acts charged were ever committed, but claims that for the purpose of preparing his defense, &c., &c.” Again, he says, “the transactions out of which the indebtedness is claimed to have arisen, &c.”
It is very plain that both Judge Bapallo, and Judge Yaw Bbttwt used the word in its proper sense, without associating with it the idea of an affirmative demand, and that when they said “ an indebtedness is claimed to have arisen,” they meant merely that the indebtedness was alleged or stated to have arisen. I am aware that such a use of claims is not strictly correct, and that the best authorities condemn it; yet, that it is the ordinary use of the word, admits of little question. Bad as the misuse may be, it is no worse *283 than the misuse in the English courts of the word contention, which is employed at Westminster Hall as a synonyme for point or proposition. I think that claim in section 158 must be taken to mean case; and that the legislature intended to embrace in the word all causes of action, and all grounds of defense, pleas of confession and avoidance, no less than the pleaded stories of both parties, complaints and counter-claims. A bill of particulars may be ordered, says section 156, in all cases, and from either party.
It evidently was the intention to confer upon the courts the most absolute and sweeping power to order particulars. It would have been easy for the legislature, if their design had been not to allow particulars, except of matters set out in complaints or counterclaims, to make the language of section 158 express that intent. The words all cases include all actions of torts, suits in equity, in fact every imaginative description of action. Either party may in all cases be compelled to furnish particulars. Where language so comprehensive is used, and where discretion so unlimited is plainly confided to the courts, we ought not to be ingenious in discovering ways to thwart the legislative will. It would be wrong to give the word claim a narrow and technical meaning, and then let it master the rest of the sentence, and control its construction.
But, giving to claim the narrow interpretation insisted on by the counsel for the defendants, and conceding that section 158 only allows the ordering of particulars of affirmative demands, I think that section 469 of the Code gives ample authority for bills of particulars in cases like the present. “That section,” says Judge Rapallo, in Tilton v. Beecher, “would probably suffice to preserve the authority of the court to order particulars in all cases before accustomed.” It continues in force all the old rules, and practice of the courts, not inconsistent with the Code. The old *284 system of pleading was abolished. The old practice was retained, where not inconsistent with the Code.
What is there inconsistent with the Code, in permitting the court to order a bill of particulars in a libel suit % The counsel for the defendants says, that section 158 was intended as a substitute for the old law, upon the subject of bills of particulars. That is begging the question. Wherein is section 158 of greater force than section 469 %
The old law permitted a bill of particulars in an action of trover, and in ejectment. When the Code was first enacted, the only section on the subject of bills of particulars provided merely that a bill of particulars might be ordered of an account of more than twenty items. Will it be seriously contended that the adoption of that section ousted the courts of their power to order particulars in actions of trover and of ejectment ? Certainly not. The old practice remained in force, being preserved by section 469. An intent on the part of the legislature to deprive the courts of an essential branch of their powers, of a part of their “ inherent jurisdiction,” is not be presumed without clear evidence of such intent.
It is of no force to say that the granting of bills qf particulars in actions of libel was not a part of the accustomed practice of our courts. The court of appeals disproved of that objection when they established the power of courts of original jurisdiction to order particulars in an action for criminal conversation. The powers of a court do not depend upon the frequency with which the exercise of them is invoked. I think, therefore, that the power to order particulars to be furnished by the defendant in a libel suit is beyond dispute.
We come now to the question whether in these cases we ought to exercise that power. I am clearly of the opinion that we should not.
*285 It was said by Chief Baron Palles, in Lagan v. Gribson, supra, that ‘ ‘ particulars are always useful to the defendant; they limit the occasions in reference to which the plaintiff is at liberty to apply evidence, and consequently restrict the range of proof necessary to the defendant. But this restriction does not per se constitute a necessity for particulars, within the meaning of the rule.” In Horlock v. Lediard (10 M. & W. 677), Baron Parke said: “Theremust be some special ground alleged; otherwise in every case of trespass, it would be a step in the cause to apply for a bill of particulars, on the affidavit of the defendant, who would never know what the grievances complained of were.”
In Echlin v. Brady (17 Irish Jurist, 188), Chief Justice Lefroy said: “The principle applicable to such a case is that wise precaution that the party applying to oblige his adversary to make an exposure of his case must make the application founded upon, an oath that he does not believe, and cannot form an opinion as to the matter with which he is charged; that the charge is so vague that he does not know what he is charged with.”
In his affidavit in the action against Jones and Jennings, the plaintiff states no more than this: “ he is ignorant of the particulars and facts which defendants expect to prove.”
In his affidavit in the action against Dana, the plaintiff merely says that “he has no knowledge, information, or belief as to the persons, times, or places, of the facts by which the defendants propose to establish the material averments in his answer.”
Tested by the rules laid down in the cases I have cited, these allegations are utterly insufficient to entitle the plaintiff to a bill of particulars. They merely amount to a statement that the plaintiff does not know by what witnesses and by what evidence the defend *286 ants will endeavor to establish their defense. He does not say that he does not know what he is charged with, nor does he state that he cannot prepare for trial for want of knowledge as to what questions of fact will be litigated, but he seeks to compel the defendants to give him an interior view of their case.
In the language of Chief Justice Bobertsoet (1 Abb. Pr. N. S. 238), “The law has always considered sacred the rights of both parties, to keep secret their preparations and means of attack and defense.” It can seldom be necessary, under our system of pleading and practice, to compel either the plaintiff or the defendant to furnish particulars in an action for libel. In England, since the enactment of the Common Law Procedure Act, it has been allowable to plead justification of a libel in general terms. In consequence of that relaxation of the old rules of pleading, it has there become necessary to make bills of particulars supply those details of the justification which were formerly an essential part of the justification plea. Hence, we see particulars waived in Jones v. Bewicke, supra; Townshend on Slander, 2 Ed. §, 353, note 2.
In Hew York, the strict rules of the common law respecting the pleading of justifications remain in fuE force (Wachter v. Quenzer, 29 N. Y. 553).
If the defendant faüs to plead a complete justification, he wiE not be permitted to prove his defense. The plaintiff has his election either to move to make the answer more definite and certain, or to Ee by, and object on the trial to the reception of any evidence offered to support the defective plea (Wachter v. Quenzer, 29 N. Y. 547 ; Spooner v. Keeler, 51 Id. 527 ; Tilson v. Clark, 45 Barb. 178).
In view of this state of the law, it is difficult to understand why the plaintiff should apply for a bill of particulars. He claims that as the pleadings stand, the defendant Dana cannot, upon the trial, offer any evidence *287 whatever by way of justification, because the charges in the alleged libel are so vague and general, and that all he has pleaded in justification, is the general averment that the charges are true ; not a single specific fact being stated in the answer. If such defects in an answer could be or should be supplied by a bill of particulars, the plaintiff would actually be building up Dana’s defense ; but “ a bill of particulars is only necessary when justice demands that a party should be apprised of matters with greater particularity than is required by the rules of pleading.”
It certainly is not the office of a bill of particulars to make a bad answer good. The rules of pleading require that a justification of a general imputation upon the plaintiff’s character should state specific facts showing in what manner and in what instances he has misconducted himself; and it must extend to every part of the libel (1 Chitty’s Pl. marg. p. 494).
Thus it appears that the common law rules of pleading, which in this respect we have retained, require in the answer the same detailed and specific information that a perfect bill of particulars would contain.
Moreover, we must not lose sight of the fact that a bill of particulars is no part of the record (Kreiss v. v. Seligman, 8 Bart. 440).
A justification should be part of the record (lioness v. Stubbs, 7 C. B. N. S. 555).
In closing these observations, it is proper to inquire what greater necessity has the plaintiff for a bill of particulars, than any other plaintiff in a libel suit in the last three hundred years has had %
In England, until a general form of justification was permitted, no plaintiff ever applied for or obtained a bill of particulars. Had the rules of pleading remained unchanged, there would not be a solitary precedent for the plaintiff’s application. We have not changed the ancient rules. The reason which caused *288 the ordering of particulars in libel suits in England, has no application, and no place here.
Affirming the power of the court to order a bill of particulars to be furnished by either party in any action, I am of the opinion that, for the reasons that I have given, the plaintiff’ s application for bills of particulars ought to have been denied.
The orders of Judge J. F. Daly and Judge Vah Brunt for bills of particulars should be reversed, with ten dollars costs and the disbursements to- the defendants Jones and Jennings ; and ten dollars and the disbursements to the defendant Dana.

 Present, Daly, Ch. J., and Van Hoesen, J.