Bangs agt. Ocean National Bank.

## N. Y. COMMON PLEAS.

FRANCIS N. BANGS *et al.* agt. THE OCEAN NATIONAL BANK.

*Pleading — Bill of particulars — Answer — Irrelevant and redundant matter.*

The object of a bill of particulars is but to fairly apprise the party calling for it of the nature of the claim against him, and where the claim is fairly disclosed no further specification is necessary.

The rule, as established by the Code of 1848 as to pleading, only required it to state the facts in ordinary and concise language, without repetition, "and in such manner as to enable a person of common understanding to know what was intended."

It now, by the amendment of 1851, only requires a plain and concise statement of the facts constituting the cause of action, without unnecessary repetition. The spirit and intent of the original enactment has not been changed, and all available rights in this respect is rather the subject of a bill of particulars than of a motion "to make a pleading more definite and certain."

*It seems,* a motion to strike out matter in an answer as irrelevant and redundant should be granted where the whole is but matter of evidence, and cannot be regarded as any approach to a matter of pleading.

*Special Term, April,* 1877.

AN order was made on the 15th of January, 1877, requiring the defendants to make certain paragraphs of their amended answer more definite and certain by amendment thereof, and also to serve a verified bill of particulars stating the amounts and times of the payments made by the defendants to the plaintiffs on account of the services of the plaintiffs mentioned in the second paragraph of the amended answer with others. Defendants have attempted to comply with the order, and motion is now made to strike out certain portions as

irrelevant and redundant, and as an evasion and violation of the order of the 15th of January, 1877. The facts are fully stated in the opinion.

*Joseph H. Choate*, for motion.

*George Bliss*, opposed.

Robinson, *J.* — The order of the fifteenth day of January last required the defendants " to make the second paragraph of their amended answer more definite and certain by amendment thereof, so as to state when and where and on what occasion either of the plaintiffs stated under oath the value of the plaintiff's services in the Holmes suits — mentioned in the complaint in this action as having been rendered from August 29, 1873, to October 21, 1876 — at a much less amount than is stated in the complaint in this cause as the value of such services, and so as to show what sums such plaintiff then stated, and what he stated concerning such services."

Without appreciating the reason or necessity for this particularity in a matter of pleading, and being unadvised as to the consideration upon which the order was granted, it stands in full force and renders it necessary to determine whether the order has been complied with in the attempted compliance in these words : " That on or about May 29, 1875, the plaintiff, F. N. Bangs, stated under oath, when being examined as a witness before Elial F. Hall, referee, in a proceeding for substitution of attorneys, in this court, that a portion of our (plaintiff's) charge which may properly be apportioned to Holmes No. 1, is $250, exclusive of interest and disbursements. I think the portion of our entire charge which may be properly allotted to Holmes No. 2, is $250, exclusive of interest and disbursements." That early in 1876, the plaintiffs brought an action against the defendants, and on a schedule annexed to the complaint, verified by F. N. Bangs,

Bangs agt. Ocean National Bank.

they stated the value of their services in Holmes No. 1, at $250 and $2.27 disbursements; and in Holmes No. 2, at $250 and $5.33 disbursements; and since that time nothing has been done in either of said suits as defendants are informed and believe, except to enter orders of dismissal.

Plaintiffs' motion is to strike this out, as irrelevant and redundant, and as an evasion and violation of the order of the 15th of January, 1877. Had this been an original motion to strike out such matter as irrelevant and redundant, it should, in my opinion, have been granted, as the whole is but matter of evidence, and cannot be regarded as any approach to a matter of pleading; but the plaintiffs having deemed it so material as to require a further and particular answer, the requirement of their order in this respect, so far as the papers disclose, is substantially complied with. It is a specification of all the defendants allege was said by plaintiffs on the subject, and, if conclusive in any respect, plaintiffs have the benefit of that consideration. No such exceptions as were formerly applicable to answers to interrogatories in a bill of discovery have any application to our present system of pleading, and this exception is one that could only be entertained under that practice.

The third paragraph of the order further required defendants, within ten days, to serve a verified bill of particulars, stating the amounts and times of the payments made by the defendants to the plaintiffs on account of the services of the plaintiffs, mentioned in the second paragraph of the amended answer, with others.

Defendants, in response to this, present plaintiffs' account as rendered them on June 17th, 1875, upon which such payments were applied to the plaintiffs' claims for professional services previously rendered, in the matter referred to in the complaint as well as in others. A payment of $1,500 previously made, August 24, 1874, was therein specifically applied; and the presentation of plaintiffs' account, and the application of that payment as shown on the bill of particulars

· rendered, its appropriation as asserted in the account is made definite. Another payment of $500, made on September 10th, 1875, is alleged as " on account of the services charged for in said bill." This conclusively adopts the bill, and any payments on account, became in law applicable to satisfy and extinguish the earlier items. It is to be accepted as defendants' claim in respect to the payments alleged in their answer and their proper application. If, notwithstanding, as may be inferred, and as from the assertion " that the defendants claim that some portion of the aggregate of $2,000 is properly to be credited on account of the services charged for in the second cause of action in the complaint, and referred to in the second paragraph of the amended answer," it shows no ground upon which any such claim can be legally based, and is mere "*fulmen brutum,* and *ex nihilo nihilfit,* plaintiffs cannot complain of the rendering of a particular that in legal effect amounts to nothing (if such be the character of the statement). The motion in this respect is also denied.

The third matter presented is in reference to a counter-claim, in which, after stating that plaintiffs, as their attorneys, had procured orders in their favor for about $4,800, and entitling them to available judgments therefor, the knowledge of which was wholly concealed from them for thirty days, and they were from such ignorance induced to incur large expense, in endeavors to procure an order of substitution of any attorney able and willing to proceed to collect ".said sums " which plaintiffs refused and neglected to do, as also in negotiating with the opposite party for an adjustment of the claim ; that, for the period of such concealment and refusal to act, they incurred an expense for services of George Bliss, Esq., as counsel, of $150, and the services of Theodore M. Davis in making a journey to Lyons, in Iowa, to negotiate with the adverse party for a settlement of the matters in controversy and his " expenses."

This counter-claim of the defendants is based upon allegations and claims made and founded on plaintiffs' neglect of

Bangs agt. Ocean National Bank.

duty as their attorney, in failing to keep them advised of the proceedings that had been had in the suit between them and the Bank of Lyons of Iowa, and for such expenses as they were compelled to incur in prudential action, consequent upon the plaintiffs' refusal to proceed in the action. The particulars of this charge of counsel's fees is for the services of such counsel in continuing an endeavor to procure the substitution of any attorney "willing and able to proceed and collect said sums." An exaction by the court of any further details of this service by requiring in a mere pleading a further specification of what services such counsel rendered and what compensation he claimed or became entitled to, or to furnish a bill of particulars of such services, specifying the character of the same, and whether, in continuing said endeavor or in said negotiation, and when and where such services were rendered, and what compensation said counsel claims or is entitled to for such services, seems hypercritical and too technical and refined for serious consideration. The object of a bill of particulars is but to fairly apprise the party calling for it of the nature of the claim against him, and where, as in this case, the occasion and character of the services of counsel is fairly pointed out, no further specification should be exacted. The claim is plainly disclosed in the present case, and no further specification is necessary.

As to the counter-claim for the services rendered by Theodore M. Davis, alleged to have necessarily grown out of plaintiff's neglect of duty in failing to apprise their clients of the condition of the suit, occasioning his employment to travel to Iowa and there negotiating with the Bank of Lyons, and incurring expenses in so doing, the motion to make the pleading of such counter-claim more definite and certain in the minute particulars stated in the notice of motion, is equally excessively exacting as a statement of the claim by way of a pleading. As such it is quite precise, definite and certain, if not already quite too elaborate, and much more so than could be exacted under any system of pleading, either

Bangs agt. Ocean National Bank.

previously existing or introduced by the Code. The rule, as established by the Code of 1848, as to pleading, only required it to state the facts in ordinary and concise language, without repetition, "and in such manner as to enable a person of common understanding to know what was intended."

It now, by the amendment of 1851, only requires a plain and concise statement of the facts constituting the cause of action, without unnecessary repetition. The spirit and intent of the original enactment has not been changed, and all available rights sought for by the motion in this respect is rather the subject of a bill of particulars than of any requirement in pleading "to make it more definite and certain."

Motion denied, with costs.