GEORGE H. BALL, RESPONDENT, *v.* THE EVENING POST PUBLISHING COMPANY, APPELLANT.

*Bill of particulars — when required of a defendant justifying in an action for libel — what should be stated in it — facts and not the evidence of them, required.*

A defendant in an action of libel pleading a justification should be required, in a proper case, to furnish a bill of particulars.

*Orvis* v. *Dana* (1 Abb. N. C., 268) distinguished and not approved.

The only proper office of a bill of particulars is to give information of the specific proposition for which the pleader contends, in respect to any material and issuable fact in the case, but not to disclose the evidence relied upon to establish any such proposition.

To constitute a good answer in justification, in an action of libel, it is not enough to state that the alleged libelous matter complained of is true; the particular facts must be stated which evince the truth of the imputation upon the plaintiff's character, whether the imputation is of a general or specific nature.

This rule requires only a statement of the necessary facts, and not of the evidence of those facts.

The rule is the same in respect to pleading mitigating circumstances.

APPEAL from an order made at the Erie Special Term, requiring the defendant to serve a bill of the particulars of its answer.

*John George Milburn,* for the appellant.

*Frank C. Ferguson,* for the respondent.

SMITH, P. J.:

This is an action of libel. The plaintiff is a clergyman. The action is founded on certain articles alleged to have been published in the defendant's newspapers, "The Evening Post" and "The Nation," during the presidential campaign of 1884, charging the plaintiff with several different acts derogatory to his character, and

among other things, with having invented, published and circulated certain false and scandalous statements of, and concerning, Grover Cleveland, then a candidate for the presidency.

The answer contains a general denial and sets up various matters in justification, and also in mitigation. Among other things, it alleges that on or about 21st July, 1884, and from time to time thereafter, the plaintiff "and certain other false-minded persons," confederating together, wickedly and maliciously caused to be published of, and concerning, the said Grover Cleveland, "divers false scurrilous, vile and scandalous stories and charges," etc.; that the said charges were so vile and disgraceful that they could not be published in the reputable newspapers of the country, but were circulated by the procurement and aid of the plaintiff in "disreputable sheets" and through the mails inclosed to "ladies and others," etc.; and that among other publications so made by the plaintiff was a letter to the "Boston Journal," wherin the plaintiff maliciously reiterated such charges and vouched for their truth.

The answer also sets out the particulars of an occurrence with which the plaintiff was connected, which took place at a public meeting for religious worship in Owensville, Indiana, in May, 1881, and alleges that "in a public newspaper printed during the ensuing week in said village" the plaintiff "was declared to have forfeited the respect of the said community, because of his conduct on the occasion referred to, as detailed in said answer. Also, that afterwards and after the said publication by the plaintiff of the said charges against Mr. Cleveland" the "Indianapolis Sentinel," a reputable newspaper, adverting to said transaction, asserted "that said Ball was once in Owensville, Indiana, and had to depart hastily therefrom owing to an insult to a Christian lady."

The answer also alleges that in the year 1881, the plaintiff was or pretended to be the chairman of an independent political organization, consisting of a few persons whose names are unknown to the defendant, but which he called an independent voter's club, and that said plaintiff claiming to be connected with said organization, from time to time solicited from "various political parties and people and candidates for office," pecuniary subscriptions and received divers sums of money, and among others collected of the Democratic county committee the sum of fifty dolllars.

The answer also alleges that after the publication by the plaintiff of the said charges against Mr. Cleveland, the defendant, having ascertained from "trustworthy sources" as it believed, the falsity of said charges, etc., published of and concerning the plaintiff an article as mentioned in the complaint, a copy of which is set out in the answer.

The answer also alleges that the plaintiff concocted and published a certain campaign story concerning Mr. Cleveland in connection with a visit which he and two or three other lawyers made on one occasion to the Beaver Island club house on Grand Island in the Niagara river, the details of which story are set out in the answer. In connection therewith, the answer alleges that the defendant being informed "by credible persons" of the said transactions of the plaintiff, published an article a copy of which is given in the answer and from which the following is an extract : " The specimen given in an extract from the 'Buffalo Courier,' printed elsewhere, of the way in which the Rev. G. H. Ball of that city concocts his campaign stories is extremely disgusting." The answer also alleged that the extract from the Buffalo Courier in such article referred to, adverted to such story so concocted by said plaintiff, touching said Beaver Island club, and gave the true facts thereof, etc.

The order appealed from requires the defendant to give the following particulars :

(1.) The names of the "evil minded persons" with whom the plaintiff is charged to have confederated for the purpose of publishing false and scandalous stories respecting Mr. Cleveland, and the times and places of said alleged confederating, and the particulars of each of the alleged improper acts referred to in that connection.

(2.) The particulars of such "false, vile and scandalous stories and charges," specifying the dates when and the places where each of the same were published, how published, and the contents of each publication.

(3.) The particulars as to the "disreputable sheets" referred to in the answer, the times when and the places where the said sheets were published and circulated, and the names of said sheets with dates and copies of each of said publications.

(4.) The particulars as to the persons "ladies and others," to whom the answer alleges that the "disreputable sheets" therein mentioned were mailed, and the names and residences of such persons.

(5.) The particulars as to the letters or publications ascribed to the plaintiff in said answer, when and where each of the same was published, the name or names of any newspapers or other publications in which they appeared, with dates thereof, with copies of each of said letters, articles, charges and publications.

(6.) The names and residences of the persons, political parties and candidates for office from whom the plaintiff is alleged in said answer to have received or solicited subscriptions or sums of money, the dates and amounts of their subscriptions and the other particulars of the charge made in the answer in that connection.

(7.) The particulars as to the "sources" and "credible persons" referred to in the answer, from whom the defendant claims to have ascertained the falsity of plaintiff's alleged charges, with the names and residences of each of said persons, and times when said information was acquired.

The order also directs that the defendant be precluded from giving any evidence at the trial of any matter, the particulars of which are required by the order and shall not be furnished.

No question was made upon the argument before us as to the power of the court to order a bill of particulars of the claim of either party, in a proper case, in an action of libel. The power probably existed at common law, to the extent above stated, and it seems to have been recognized and affirmed by the last clause of section 158 of the Code of Procedure and of section 531 of the New Code, as construed by the Court of Appeals in the cases of *Tilton* v. *Beecher* (59 N. Y., 176) and *Dwight* v. *Life Ins. Co.* (84 id., 493). True, neither of those cases was an action of libel, and in the case of *Orvis* v. *Dana* (1 Abb. N. C., 268) it was said that there is no precedent in this State for a bill of particulars in a libel suit, and it was there held by the Court of Common Pleas of the city of New York that the power to require particulars from a defendant setting up a justification ought not to be exercised in actions of libel. The decision seems to have been put upon the ground that the plaintiff does not need such remedy, inasmuch as if the answer in justification is not sufficiently particular the plaintiff can move to make it more definite and certain, or he can lie by and object at the trial to the admission of evidence under it. But the first of the remedies suggested is available only where a denial or allegation is

so indefinite or uncertain that its precise meaning or application is not apparent. (Code of Civ. Pro., § 546.) The order under review was not made on the ground that the answer is defective in that respect. A pleading may be free from indefiniteness and uncertainty, and yet so general as that the opposite party cannot prepare to meet it at the trial for the want of more particular statements. The common counts in assumpsit are familiar instances of pleadings of that nature. The appropriate remedy, therefore, for a lack of particularity in a pleading is an application to the court to order particulars to be furnished. And for obvious reasons it is better that such remedy be resorted to before the cause comes on for trial, in order to secure a more deliberate consideration of the questions involved than can be given at the circuit. With great respect for the learned court by which *Orvis* v. *Dana* was decided, we are not prepared to assent to the conclusion above stated, which was reached in that case, and are of the opinion that a defendant in an action of libel, pleading a justification, should be required, in a proper case, to furnish particulars.

We thus reach the question whether in this case the power has been unduly exercised. There are numerous reported cases relating to the scope and nature of a bill of particulars. Without referring to them in detail, I think it may be laid down, as the result of the adjudications on the subject, that the only proper office of a bill of particulars is to give information of the specific proposition for which the pleader contends, in respect to any material and issuable fact in the case, but not to disclose the evidence relied upon to establish any such proposition. (*Drake* v. *Thayer*, 5 Robt. S. C. R., 694; *Gee* v. *Chase Manufacturing Co.*, 12 Hun, 630; *Bangs* v. *The Ocean National Bank*, 53 How. Pr. 51; *Orvis* v. *Dana, supra*; *Stevens* v. *Webb*, 4 Browne, 64.) To constitute a good answer, in justification, in an action of libel, it is not enough to allege that the alleged libelous matter complained of is true. At common law it is necessary to state the particular facts which evince the truth of the imputation upon the plaintiff's character, whether the imputation is of a general or specific nature. And as Chitty states the rule, it is necessary, although the bill contains a general imputation upon the plaintiff's character, that the plea should state specific facts, showing in what particular instances and

in what exact manner he has misconducted himself. (Ch. Pl., 494–5.) It was held in *Wachter* v. *Quenzer* (29 N. Y., 547), that the substance of that rule was not abolished by the Code. But that rule requires only a statement of the necessary facts, and not of the evidence of those facts. The rule is the same in respect to pleading mitigating circumstances, since only such as are pleaded can be proved. (Old Code, § 165; *Willover* v. *Hill*, 72 N. Y., 36; New Code, § 536, and Throop's note to same.)

Tested by the rules above stated, the order appealed from, in our judgment, properly requires particulars of the alleged "false, vile and scandalous stories and charges" referred to in the second clause of the order. It is not enough for the pleader thus to characterize the "stories and charges," but they should be set out, in order that the plaintiff may be apprised what he is to meet, and to that end the dates and places and manner of their publication, with the contents of each publication, should be stated. Besides, the publications should be set out, to enable the court to judge of their character, since upon their character depends the sufficiency of the justification. For like reasons we affirm the fifth clause of the order respecting the letters or publications ascribed to the plaintiff, and the several particulars specified in said clause. So, also, the sixth clause is affirmed, which requires particulars of the names and residences of the persons, political parties and candidates for office from whom the plaintiff is alleged in the answer to have received or solicited subscriptions or sums of money, and other particulars specified in that clause. All these matters, we conceive, are embraced by the rule above stated as to what an answer in justification should contain.

But the first clause of the order which requires a statement of the names of the "evil-minded persons" with whom the plaintiff is charged to have confederated for the purpose of publishing false stories, etc., calls for matters which, if not immaterial, are mere evidence. The material fact in that connection is the publication by the plaintiff of scandalous matter, and it is immaterial whether in causing such publication he acted alone or with confederates, and if in the latter mode, the giving of the names of the confederates would be a mere disclosure of the evidence relied upon to prove the material allegation. So, the "disreputable sheets" and the particu-

lars connected therewith referred to in the third clause, are but the means of effecting the publication, which is the material and issuable fact alleged in the part of the answer there referred to. The like remark is applicable to the fourth clause, by which the defendant is required to state particulars, including names and places of residence, of the "persons, ladies and others," to whom the said "disreputable sheets" were alleged to have been sent. That requirement relates simply to the *method* of publication, and possibly to the *extent* of it, which, however, is immaterial for the purpose of a defense. The requirement in the seventh clause that the defendant state the particulars therein specified respecting the "sources" and "credible persons" from whom he claims to have ascertained the falsity of the plaintiff's charges, etc., calls for mere evidence in respect to a matter not relating to the plaintiff's conduct.

The result is that so much of the order as relates to the first, third, fourth and seventh portions of the answer therein referred to should be reversed, and in all other respects the order is affirmed. Neither party to have costs of this appeal, as against the other.

BARKER and BRADLEY, JJ., concurred.

So much of the order as relates to the first, third, fourth and seventh portions of the answer therein referred to reversed, and the remainder of the order affirmed, without costs to either party.