McAeam, Ch. J.
Under the broad rule declared in Dwight v. Germania (84 N. Y., 493), Tilton v. Beecher (59 id., 176), People v. Tweed (63 id., 194), the court below might have exercised its discretion, and ordered the plaintiff to furnish a further bill of particulars, giving the separate estimates of value on each particular item of the service rendered, for on the cross-examination of the plaintiff the defendant, will be entitled to test the propriety of the aggregate charge-by assailing the value of the items that compose it. But-the court below denied the application, and the question presented to us, is whether the court below erred in disposing of the matter as it did, and the proper consideration of the subject requires us to refer to the adjudged cases’bearing upon the relation of an attorney towards his client. The rule of law undoubtedly is, that an attorney who is, retained generaUy to conduct a legal proceeding, enters into an entire contract to conduct the proceeding to its termination Tenney v. Berger, 93 N. Y., 524.
This was the character of contract the plaintiff entered' into with the defendant, and he performed it by bringing-the litigation to a successful termination. The service contracted for was entire, and has been fully executed. It involved a series of acts tending to bring about the final result, but it does not follow that the defendant is entitled, as of right, to a separate estimate of value on each of the several acts performed to accomplish the one object.
“It is not necessary,” said Robertson, Ch. J., in Johnson v. Mallory (2 Robt., 683), “in an action for having completed a piece of work by numerous successive acts of' service, all contributing to such completion, to set out each service so contributing and its character. There is scarcely an article made or work accomplished that has not been so, *505 by means of a series of efforts. The painting of a picture, building a machine, or trying a cause, are illustrations of such a course of action. Every blow of an artisan’s hammer is a separate labor, yet the aggregate of a day’s work is charged, because it is the usual mode of measuring such services consisting of a great many particulars.”
In Garfield v. Kirk (65 Barb., 464), it was held, that to entitle an attorney to recover for professional services rendered to his client, he is not required to swear to each notice drawn and served, and how much it is worth; that it is enough for him to prove in general terms, the proceedings in a cause, the time occupied in the performance of any part of the services by which their value was enhanced, and the value of the whole, or in detail, as he-may elect.
In Betts v. Betts (4 Abb. N. C., 324), attorneys in their bills, charged aggregate sums for aggregate work, without dividing charges into items, and it was held to be a proper form of bill in cases involving great labor.
The plaintiff has given each successive act o'f the service, with the time of rendition, and the aggregate value of the whole. These successive acts being steps in the performance of one entire contract, the bill furnished is complete, and the defendant cannot, as of right, obtain a further bill. Johnson v. Mallory, snpra; Bangs v. Ocean National Bank, 53 How. Pr., 51.
The professional standing, eminence, experience and ability of the person who renders services, the manner of their performance, the magnitude and difficulties of the case, and the success of the undertaking, are all considerations which are to be kept in view in fixing the value of professional services at the termination of the litigation. It may be difficult to govern one’s self by this standard in estimating separately a series of acts leading to the grand consummation of the whole, and it is not surprising, therefore, that the plaintiff declined to split his charge into fragmentary items, with separate valuations attached to each.
We find no error which requires a reversal of the order, which will be affirmed, with costs.
Browne, J., concurs.