Fish, J.
I cannot see any good reason for granting this motion. The action is brought to recover damages for the publication of a libel in the New York Times, a public newspaper, published by an association of which the defendant is treasurer.
The offensive language made use of in the alleged libel consists of a charge that plaintiff at and about the time he claimed to be doing service as an undertaker in charge of the remains of General Grant at Mt. McGregor, was in an unfit condition to perform the duties required, in consequence of his being in a state of intoxication from the use of spirituous liquors.
The answer does not deny the publication of the article as charged, but rather pleads justification, to the efiect that the statements of the alleged libel in regard to plaintiff’s condition and behavior at the time stated were true, and were published without malice, only as a part of the current news; and then, as further answer in mitigation of damages, pleads that the plaintiff was a person who had been for a long time immediately prior to, was at the time when, etc., and has been since, addicted to the drinking of intoxicating liquors to excess, and had, on various occasions prior to that date, been under the influence of liquor while .attending funerals, etc., at the village of Saratoga Springs, which facts were known to many residents of Saratoga.
The plaintiff asks for a bill of particulars stating the names of persons at whose funeral the plaintiff was under the influence of liquor, and when and where such funerals took place; on the affidavit of plaintiff that he has no information or knowledge as to the time and place where a funeral took place in which deponent was under the influence of liquor, so that he cannot prepare for trial for want of information of the name of any person whose funeral was so conducted.
The facts averred do not constitute a defense to the action, and do not constitute any claim against plaintiff, but, if proved on the trial, it is claimed they may be considered- by the jury on the question of damages, even though a complete defense may not be established.
The plaintiff in his complaint states in substance that for many years he has resided at Saratoga Springs, during which time he has practiced the business of undertaker. In Ins affidavit on this motion he states that he has conducted *59 such business for forty years at that village, and has taken charge of more than one thousand funerals. If the information the plaintiff desires, to enable him to prepare for trial, related to facts and matters of which the defendant had better knowledge than plaintiff, and with which defendant was more familiar than plaintiff, there would be considerable merit in plaintiff’s application for this bill of particulars. Such, however, is not the case. The plaintiff, on the contrary, probably has a record of all the funerals he has attended at Saratoga Springs, and cannot well be taken by surprise at a trial had in that county upon proof relating to any of them.
It might be a difficult thing for the defendant, who must act entirely upon information and belief, to give names and particulars of the cases where plaintiff has officiated in that capacity.
Again, the matters of which plaintiff seeks particulars, are such as might be proved by a defendant upon assessment of damages on default for want of answer. See section 536 of the Code of Civil Procedure. In that case the plaintiff would not be entitled to any notice whatever that the defendant intended to offer proof of facts in mitigation.
Where the defendant has in his answer, along with a plea cf justification, given plaintiff notice that he will offer proof of certain facts in mitigation, and especially facts of which plaintiff is entirely familiar, and of which defendant is not familiar, there does not seem to be any good reason for requiring defendant to give a bill of particulars of the mitigating circumstances.
The affidavit upon which plaintiff moves does not state that he has no suspicion or belief as to what particular cases the defendant refers, but states only that he has no information or knowledge on the subject. Such an affidavit might well be made, even where the affiant was fully persuaded in his mind what occasions were alluded to.
In does not follow, as a matter of course, that a party is entitled to a bill of particulars in this class of cases. The ■statute has given the court power to require increased particularity in any and all cases where special grounds are shown to exist. See Dwight v. Germania Insurance Co., 84 N. Y., 493.
I find no case where a bill was ordered requiring particulars as to matters offered in mitigation. I find no case where an order was made upon as imperfect an affidavit as the plaintiff offers here.
Orvis v. Dana (1 Abb. N. C., 284) comes nearer than any other to the one before us, and upon the authority of that case this motion must fail. The cases of Cardwell v. Card- *60 well (12 Hun, 92); Stiebeling v. Lockhaus (21 Hun, 457); Gardinier v. Knox (27 Hun, 500), are neither of them in point to justify the order asked for here.
The power of the court is not doubted. It should, however, only be exercised where there is reason to believe that justice will be promoted by requiring a party to disclose his hand more fully with particulars.
There is no ground for such action in this case.
Motion denied.