## SUPREME COURT.

### HORACE B. CLAFLIN and others agt. CLINTON H. SMITH and others.

*Bills of particulars — Power of court to order — When and how will be exercised.*

The power of the supreme court to order bills of particulars extends to all descriptions of actions, and it may be exercised as well in behalf of the plaintiff as of the defendant.

In an action brought by plaintiff to set aside a general assignment made to one of the defendants for the benefit of creditors, the complaint alleged that the assignment was made, executed and delivered with intent to hinder, delay and defraud the creditors of the assignor:

*Held,* that defendants, who were by an order of the court allowed to intervene and be made parties defendant in this action, were entitled

Claflin agt. Smith.

to an order that plaintiffs deliver to them a statement in writing of the times and places at which the plaintiffs expect or intend to prove any acts or things which serve to show that the assignment was done with fraudulent intent, and to what persons and at what times and places they will claim of offer to prove that the assignor made secret or other assignments of his estate.

*At Chambers, December*, 1883.

LAWRENCE, *J.* — The defendants who make this motion are judgment creditors of Clinton H. Smith, and this action is brought by the plaintiff to set aside a general assignment made by him to the defendant John G. Smith for the benefit of creditors.   It appears that executions have been issued on the judgments recovered by the moving defendants against Clinton H. Smith, and that said executions have been returned wholly unsatisfied.   By an order granted by Mr. justice POTTER the moving defendants were allowed to intervene and to be made parties defendant in this action; and they now ask that as the assignment in question is alleged in the complaint in general terms to have been made, executed and delivered with intent to hinder, delay and defraud the creditors of said Clinton H. Smith, the plaintiffs may be ordered to deliver to them a statement in writing of the times and places at which the plaintiffs expect or intend to prove any acts or things which serve to show that the assignment named in the complaint was done with fraudulent intent, as charged in the complaint, and particularly to what persons and at what times and places the plaintiffs will claim or offer to prove that the assignor, Clinton H. Smith, made secret or other assignments of his estate.   In other words, they ask for the particulars of the grounds on which the plaintiff will claim upon the trial that the assignment in question was made with intent to hinder, delay or defraud the creditors of the assignor.   In the case of *Dwight* agt. *The Germania Insurance Company* (84 *N. Y.*, 493) the court of appeals held that the power of the supreme court to order bills of particulars extends to all descriptions of actions, and that it may be exercised as well in behalf of the plaintiff

as of the defendant (*See, also, Tilton* agt. *Beecher*, 59 *N. Y.*, 1⁷6). In this case there is nothing in the complaint which apprises the defendants of the ground on which the plaintiffs will claim that the assignment was executed with the intent to hinder, delay and defraud the creditors of the assignor. The defendants show that they as well as the plaintiffs are creditors of the assignor; that they are greatly interested in the proper defense of the action, and that the indebtedness to them, which is very large, was for merchandise sold by·them to the assignor; that the assignee is thought by the creditors to be disaffected to the said assignment; that they are informed and.believe that the plaintiffs give out that the assignor shortly · prior to his insolvency transferred his estate, or some part thereof, so as not to have it passed by the deed of assignment, and that they thus intend to prove the fraudulent intent alleged, but that the defendants impleaded have no other or further knowledge of such assertion than that communicated by rumor, &c. They also allege that they do not know what witnesses will be necessary, or what facts will be *probative* under the vague and general allegations of the complaint, and that unless they are furnished with a bill of particulars of the times and places at which the assignor is said to have transferred his estate with a view to subtract it from the assignee, that they may be entrapped into a trial without due, legal and complete notice of the matters and things affecting their rights under the deed of assignment referred to in the complaint. My examination of the complaint leads me to the conclusion that the motion should be granted. The moving defendants, as has been before observed, are judgment creditors of Clinton H. Smith, the assignor, and the assignment is alleged to be a preferential assignment. It is not before me, but I infer from what was said on the argument that this controversy has in some measure arisen from those preferences. The moving defendants are interested as much in sustaining the assignment as the plaintiffs are in attacking it, and they are entitled, I think, to know precisely on what ground it is claimed to be

fraudulent (*See particularly the remarks of* FOLGER, *C. J.,* *in Dwight* agt. *Germania Life Ins. Co., before cited,* 84 *N. Y.,* 505; *also McCreight* agt. *Stevens,* 1 *H. & E.,* 454; *Pitts* agt. *Chambers,* 1 *F. & F.,* 684; *West* agt. *West,* 4 *S. & T.,* 22; *Jones* agt. *Bewicke, L. R.,* 5 *C. P.,* 32; *Kinder* agt. *Macy,* 7 *Cal.,* 206; *Meeker* agt. *Harris,* 19 *Cal.,* 289).

Let an order be entered in conformity with these views.