Merwin, J.
The action is in replevin. The plaintiffs claim to be still owners of certain goods obtained from them by the assignors of the defendant. There was in form a contract of sale and purchase, but this the plaintiffs claim to treat as void by reason of fraud. The real issue then apparently is whether a fraud was practised on plaintiffs in the obtaining of the goods. The complaint simply alleges ownership in the plaintiff. The defendant is not claimed to be connected with any fraud, but is not in a position to assert any better title than his assignors could.
Were the action in such a form that the fraud would have to be alleged in the complaint, a general allegation to that effect wrould not be sufficient. As Judge Smith says in Butler v. Niele (44 Barb., 166, 169), “ the burden of charging as well as proving fraud is on the party alleging it, and while it is not necessary or proper that he should spread out in his pleading the evidence on which he relies, he must aver fully and explicitly the facts constituting the alleged fraud; mere conclusions will not avail.” See also Barber v. Morgan, 51 Barb., 116; Cohn v. Goldman, 76 N. Y., 284.
In the present case, as the issue is on the fraud, and the defendant is not connected with it, and the burden of proof is on the plaintiff, the query is whether they should not, by a bill of particulars, make their position as specific as they would be obliged to make it were it necessary to allege the fraud in the complaint. I am inclined to think they should. The word “ claim ” in section 531 of the Code is broad enough to cover *250 it. Dwight v. Germania, etc., Ins. Co. (84 N. Y., 493). The affidavit of the defendant as to the necessity for further light does not seem to lie denied. The case of Orvis v. Dana (1 Abb. N. C., 268) does not, I think, apply. The theory of that case is weakened, I think, by the views of the court in the Dwight case. (See p. 507.)
II. General Term; April, 1886.
From the order entered upon this decision of the Special Term, the plaintiffs appealed.
Costello, Ide & Hubbard, for the plaintiffs, appellants.
I. A bill of particulars should not be ordered where the defendant fully knows upon what facts the plaintiffs mean to rely for their cause of action. Wigand v. Dejonge (18 Hun, 405-6; Steven v. Webb, 4 Civ. Pro. R. (Browne), 64; Willis v. Bailey, 19 Johns., 268. “ The object of the bilk of particulars, whether required of the plaintiff or of the defendant, is that the other party should not be taken by surprise from the generality of the pleadings, and come to the trial unprepared as to the nature of the claim made by the plaintiff, or the nature of the defense set up to it; and the effect of the bill, therefore, is to restrict the proof, and limit the recovery . or defense to what is stated in it. But if a party fully knows what his adversary means to rely on for his cause of action or defense, he is not entitled to a bill of particulars of it.” Stevens v: Webb (above).
II. It is apparent that the defendant seeks, by a bill of particulars, to secure a statement of the plaintiffs’ evidence, which shall bind the plaintiffs, and beyond which they cannot go upon the trial. This is in direct conflict with the established rule “ that the office of the bill of particulars is to limit the generality of the claim or defence, and is not to furnish evidence for the opposite party.” Gee v. Chase Manfg. Co., 12 Hun, 630, 632; Drake v. Thayer, 5 Robt., 694, 701; Stevens v. Webb (above); Higenbotam v. Green, 25 Hun, 214, 216.
*250 The plaintiffs should, I think, furnish a bill of particulars, giving a statement of the facts constituting the.alleged fraud, and in. case such facts are false representations, then the time and place should be given, and to whom aiid by who.m made. An order on this basis may be presented.
Costs of motion to abide event.
James P. Olney, for the defendant, respondent.
Plaintiffs real claim upon which he alone hopes to recover is fraud ; and although the complaint does not disclose the real canse of action and the real issue, it clearly appears by the affidavit; and under the rules laid down in Tilton v. Beecher, 59, 176, N. Y., 184; Dwight v. Germania Life Ins. Co., 84 N. Y. 493,502, the order appealed from was properly made. With referenceto the real issue of fraud, there is nothing in the records of this case limiting the plaintiffs in their proof in any way ; or of properly apprising the defendant of all that the order calls for. For his own protection, and in justice to the estate which he represents, the motion should be granted, that he may properly prepare for trial. See, especially, Claflin v. Smith, 13 Abb. N. C., 205, where the real issue appeared by the findings instead of by the replevin papers, as in this case. Plaintiffs cannot, by omitting to disclose their real charge in the complaint, escape the necessity of serving a bill of particulars. Friedberg v. Bates, 24 Hun, 375; Leigh v. Atwater, 2 Abb. N. C., 419 ; Kranz v. Dun, 8 Civ. Pro. R. (Browne), 403; Orden Germania v. Devender, 6 Civ. Pro, R. (Browne), 161; Kraft v. Dingee, 38 Hun, 345.
The General Term (Hardin, P. J., Boardman and Follett, JJ.) affirmed the order upon the opinion of the court below, with $10 costs and disbursements.