## FAXON v. BALL et al.

(Supreme Court, General Term, First Department. January 13, 1893.)

**1. PLEADING—BILL OF PARTICULARS—WHEN GRANTED.**
    Under Code Civil Proc. § 531, providing that the court may in any case direct a bill of particulars of the claim of either party to be delivered to the adverse party, there is no inflexible rule as to the classes of cases in which a bill of particulars will be granted, but the granting or denying of a bill of particulars must be determined as under the circumstances of each case may seem just.

**2. SAME.**
    Where an action is brought against an assignee and assignor to set aside as fraudulent a general assignment for the benefit of creditors, the assignee's application for a bill of particulars of the fraudulent acts relied on to prove fraudulent intent will not be granted when it appears that all the facts and circumstances with respect to the acts of the assignor, and the disposition made by him of his property, are peculiarly within reach of the assignee, and when it further appears that the particulars are not asked for the purpose of giving the assignee any information on the matters that would be the subject of contention on the trial, but for the purpose of limiting the evidence and the charges on which plaintiff could rely to sustain the allegations of fraud.

Appeal from special term, New York county.

Action by Edith Mason Faxon against John Oscar Ball and others to set aside as fraudulent a general assignment made for the benefit of creditors. From an order denying his application for a bill of particulars, defendant Ball appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and FOLLETT, JJ.

Forster & Speir, (Henry A. Forster, of counsel,) for appellant.

Hornblower, Byrne & Taylor, (James Byrne and Mark W. Potter, of counsel,) for respondent.

O'BRIEN, J.   This action was brought to set aside as fraudulent and void a general assignment for the benefit of creditors, executed by the defendant John Mason to the defendant John O. Ball.   No claim is advanced but that the complaint sets forth facts constituting such a cause of action.   But the defendant insists that the particulars of the fraudulent acts relied upon to prove fraudulent intent should be furnished, and it is from the order denying the application for such a bill of particulars that this appeal is taken.

The appellant industriously refers to the various kinds of action involving the question of fraud in which bills of particulars have been ordered.   On the other hand, the respondent cites the case of Passavant v. Cantor, 48 Hun, 546, 1 N. Y. Supp. 574, as authority for the proposition that a bill of particulars will not be granted in an action such as this, to set aside an assignment.   Section 531 of the Code provides that "the court may in any case direct a bill of particulars of the claim of either party to be delivered to the adverse party."   We think that the mere reading of this section renders unnecessary a reference to the authorities cited by appellant in support of his view that a bill of particulars should have been furnished, as it equally disposes of the contention of the respondent that the court will never, in an action to set aside an assignment, grant such an application.   There is, as shown by the very wording of the section of the Code quoted, no inflexible or invariable rule applicable to motions for bills of particulars; there being certain general principles which may with profit be referred to in determining under what circumstances the power vested in the court will be exercised, in a given case, in ordering a bill of particulars.   This view is well illustrated by the two cases of Claflin v. Smith, 13 Abb. N. C. 205, and Passavant v. Cantor, supra, both being applications for bills of particulars in actions such as this, brought to set aside assignments upon the ground of fraud, and in the former of which a bill of particulars was ordered, while in the latter it was denied.   It will be found that the granting or denying of particulars must be determined by the facts and circumstances of each case; and where the court, in furtherance of justice, concludes that a bill of particulars of the claim of either party should be delivered to the adverse party, the application will be granted; otherwise denied.

Here it has been made to appear that the assignee, upon taking possession of the property of the assignor, had delivered to him all the books of account, together with the other property of the assignor.   In addition, the latter, in proceedings supplementary instituted by the plaintiff, has been very fully examined as to the disposition made of his property prior to the assignment, and upon such an examination the assignor was represented by the same attorneys who appear for the assignee in this action.   It is therefore evident that there is no such unfriendly relation existing between the assignor and the assignee that the latter is not in a position to be furnished with all the data essential to meet any

claim or fraud which may be produced upon the trial; in other words, all the facts and circumstances with respect to the acts of the assignor, and the disposition made by him of his property, prior to and at the time of the assignment, are peculiarly within the reach of the assignee. There has been, in view of these circumstances, no good reason assigned why, in addition, he should be furnished with any more detail or particulars in order to be prepared to meet the plaintiff's case as presented upon the trial. We do not think that the purpose of insisting upon the particulars is to give the assignee any light or information upon the matters that will be the subject of contention between the parties upon the trial, but rather that the purpose sought is to limit the evidence and the charges upon which the plaintiff might rely to sustain her charges of fraud. The court never regards favorably applications which, by indirection, would seek to obtain an advantage which upon a direct application would be denied. It certainly never was the object and purpose of allowing a bill of particulars to have it directed solely to limiting an adversary's evidence. It is true that where information is desired, and a bill of particulars is ordered, the effect, under the provisions of the Code, necessarily is to limit and confine the evidence to the particulars thus ordered and directed to be furnished. But the primary object of a bill of particulars, and the considerations which should move the court in granting or refusing it, are with a view of furnishing an adverse party with information which is exclusively in the possession of the other, and which, under the circumstances shown, it is but right and proper that such adverse party should have, to the end that he may be prepared upon the trial to meet the claim made, and prevent the injustice which might result from surprise. Upon the facts here appearing, we are of the opinion that the court was correct in its disposition of the motion, and that the order appealed from should be affirmed, with costs and disbursements. All concur.