JAMES M. CONSTABLE and Others, Appellants, *v.* MATTHEW HARDENBERGH and Others, Respondents.

*Bill of particulars — no invariable rule — to enable defendant to frame an answer and for use on the trial, distinguished — discretionary — contents of an affidavit to procure.*

There is, under section 531 of the Code of Civil Procedure, no inflexible or invariable rule applicable to motions for bills of particulars, each case being decided by the application of certain general principles which determine the circumstances under which the power vested in the court to order a bill of particulars will be exercised.

There is a distinction between the office of a bill of particulars ordered to enable a defendant to answer and one required for use upon a trial, and an application made in the same case to obtain the same particulars for the purpose of framing an answer may properly be denied, where it appears that without such particulars an answer could be interposed, while a bill of particulars would be furnished to prevent surprise upon the trial.

An order for a bill of particulars is not a matter of right, but rests in the sound discretion of the court, to be either refused or granted according to the circumstances of each case.

An affidavit to procure a bill of particulars should state the facts upon which the court may determine, in its discretion, to either grant or refuse a bill of particulars, and should not contain merely a bare statement that the particulars asked for are necessary in order to enable the defendants to frame an answer.

APPEAL by the plaintiffs, James M. Constable and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of February, 1894, granting the defendants' motion for a bill of particulars.

This action was brought to set aside a general assignment for the benefit of creditors, made by the defendants Hardenbergh and Kelly to the defendant Hugo Hirsh, as assignee, upon various grounds stated in the complaint. After the complaint was served the defendants demanded a bill of particulars of the allegations set forth in the plaintiffs' complaint, specifying :

1. As to paragraph V of said complaint, in what respects the said assignment is insufficient in form and in what respects the said assignment is fraudulent and void on its face and wherein it is not in accordance with the statute in such case made and provided.

2. As to paragraph VI of said complaint, in what manner said assignment was made so as to hinder, delay and defraud these plaintiffs.

3. As to paragraph VII of said complaint, in what respect the schedules filed by said assignee failed to state all the assets and property of the assignors, and what portions thereof were concealed and secreted with intent to defraud creditors, and what said concealed or secreted assets consisted of and where they were concealed or secreted.

4. As to paragraph VIII of said complaint, wherein the said Matthew Hardenbergh and George H. Kelly withheld from the operation of the said assignment certain property not exempt by law from levy and sale under execution.

These particulars not having been furnished, the defendant Hirsh obtained an order to show cause why they should not be furnished, upon an affidavit, which, after reciting the facts already stated, proceeded as follows :

"That defendants' time to answer herein expires on the 29th day of January, 1894, and that it will be impossible for deponent to answer herein without the facts stated and asked for in the said demand for a bill of particulars."

Upon this affidavit, from which we have taken all that is stated therein as to the necessity for a bill of particulars, the motion was granted by the court at Special Term, ordering, as fully as was demanded by the defendants, the plaintiffs to furnish such particulars, and from such order this appeal is taken.

*Jesse S. Epstein*, for the appellants.

*William S. Perkins*, for the respondents.

O'BRIEN, J. :

Section 531 of the Code provides that "the court may in any case direct a bill of the particulars of the claim of either party to be delivered to the adverse party."

Although the language of this section is clear and unambiguous, we feel called upon from time to time to repeat it, because counsel in support of one view or the other insist on arguing that there is a class of cases wherein a bill of particulars will be, and a class of cases in which one will not be ordered.

In a late case where we had occasion to examine this question, that of *Faxon* v. *Ball* (50 N. Y. St. Repr. 495), it was said : "There is as shown by the very wording of the section of the Code quoted, no inflexible or invariable rule applicable to motions for bills of particulars, there being certain general principles which may, with profit, be referred to in determining under what circumstances the power vested in the court will be exercised in a given case in ordering a bill of particulars." And where in that case it appeared that all the facts and circumstances with respect to the act of the assignor were particularly within reach of the assignee, and that the particulars were asked for simply for the purpose of limiting the evidence upon which the plaintiff might rely to sustain her charges, it was held that the motion was properly denied. (See, also, *Passavant* v. *Cantor*, 21 Abb. N. C. 259.)

The facts here appearing upon which a bill of particulars was sought are not nearly so strong as in the case of *Faxon* v. *Ball* (*supra*). There it was asserted that the evidence was needed to be

used upon the trial and to prevent surprise. Here the only purpose for which the particulars are required, as shown from the quotation given from the affidavit, is to enable the defendants to answer.

This distinction between the office of a bill of particulars in order to enable a defendant to answer, and one required for use upon a trial, must not be lost sight of, because it might very well be that, while particulars would be required to be furnished to prevent surprise upon the trial, an application made in the same case to obtain the same particulars for the purpose of answering might be denied, where it appeared that without such particulars an answer could be interposed.

To summarize, the particulars demanded have reference to those allegations of the complaint which, in addition to alleging the insufficiency in form and the invalidity on the face of the assignment, charge certain acts of fraud in secreting the property, in omitting from the schedules a portion of the assets, and that the assignment was made to hinder, delay and defraud creditors. In other words, it may be said that the complaint seeks to set aside the assignment upon two general grounds, *first*, that it is void upon its face; and, *second*, that it is void for actual fraud committed by the assignors, of which, it is claimed, the assignee had knowledge.

With respect to the first, as to whether the assignment is void on its face, the attorney for the defendants should be as competent and as well skilled in determining this question as the attorney for the plaintiffs, and a compliance with the order would necessitate the plaintiffs' counsel furnishing his arguments, legal reasons and conclusions upon which he bases his claim of invalidity. We are familiar with no case which requires, nor do we think it in furtherance of justice to require, the plaintiffs' counsel to educate the attorney for the defendants upon a question of law, and to that end be compelled to practically furnish him with his brief.

Upon the second ground of the fraudulent disposition and secretion of property, if this was done by the assignors with the knowledge of the assignee, they are in a position to know; and if the charge is false, there is nothing to prevent their putting in a general denial, which is all that would be required to put in issue these allegations. In other words, apart from the failure to show any

necessity for the particulars in order to answer, we have no means of determining from the affidavit submitted whether the defendants have or have not knowledge of the fraudulent acts with which they are charged. And the necessity of this appearing becomes at once apparent when we consider its bearing upon the exercise of the court's discretion. If they have such knowledge, then clearly they should not be assisted in finding out whether the plaintiffs also knew of their fraudulent acts. If guiltless, little danger need be apprehended from groundless charges. And the question whether, under these circumstances, the information should be given would depend upon their situation and opportunity for obtaining the knowledge, and the necessity therefor, either for the purposes of pleading or to prevent surprise upon the trial.

All of which is suggested for the purpose of showing that an order for a bill of particulars is not, as the defendants would assume from their naked statement that the information is needed in order to frame an answer, a matter of right, but is a matter resting in the sound discretion of the court, to be either refused or granted, according to the circumstances of each case.

The language of the Code vests a discretion in the court to determine whether or not the information should be furnished. But, in determining which way the discretion should be exercised, either in granting or refusing, the court should have before it some facts. As shown, the affidavit states no facts, but contains a bare statement that the particulars asked for are necessary in order to enable defendants to frame an answer.

We do not think, therefore, that the application was made in good faith, because it is evident that this information was not necessary for that purpose. It will be noticed that they do not say that such information was necessary upon the trial of the action. If, however, there had been a mere statement that it was intended to be used upon the trial, then it should not have been granted unless it appeared, at least by the affidavits of the defendants, that they had no knowledge on the subject and had not the means of obtaining the information required, and that it was necessary to have such knowledge as was within the possession of the plaintiffs in order to prevent surprise upon the trial.

In a case, therefore, where these facts, or some of them, are not

made to appear, but where, on the contrary, it does appear that the application is made in good faith, but is made with a view of limiting the evidence, or to compel the plaintiffs to disclose the same, then it should be denied.

In discussing the rules which we regard as applicable to bills of particulars, we have wandered from the point which is presented here, but this has been thought necessary on account of the earnestness of the arguments which have been pressed upon our consideration in favor of upholding the order, but which are not strictly germane to the point involved.

The only question presented upon this appeal, as we have shown from the affidavit used upon the motion, was whether, upon the facts appearing, the court would, to enable the defendants to answer, require the plaintiffs to furnish the particulars in all respects as demanded. And having reached the conclusion that the plaintiffs should not have been so required, we think the order was wrong, and that it should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied with ten dollars costs.