by the defendant's counsel to charge "that if the proximate cause of the injury to the plaintiff was the breaking of a defective rein, the plaintiff is not entitled to recover." We are satisfied that the court committed no error in refusing so to charge, as the evidence did not justify such a charge, nor would it have justified the jury in finding that the breaking of the rein was the proximate cause of the injury to the plaintiff. The evidence was to the effect that the harness was in good condition; that the rein which broke had been purchased by the plaintiff's father within two years previous to the accident, and was not cracked, and that the break was fresh. The only indication of weakness relied upon by the defendant was that it broke, and the evidence furnishes a pretty satisfactory reason for such breaking, as the strength of the driver and of the horse were brought to bear upon it, thereby subjecting it to an extraordinary strain. The facts show that the breaking of the rein was caused by the ineffectual effort of the driver to restrain the horse, which had become frenzied in consequence of the negligent manner in which the gates were lowered by the servant of the defendant, and not in consequence of any defect in such rein, or owing to any negligence of the plaintiff or her father. We are satisfied that the cause was correctly decided at the circuit, and that the judgment should be affirmed, and a new trial denied, with costs. All concur.

---

### CHESEBOROUGH *v.* KIMBERLY.

(*Supreme Court, General Term, First Department.* July 9, 1889.)

PLEADING—BILL OF PARTICULARS.

Where the complaint, in an action for maintaining a nuisance, alleged loss of tenants for, depreciation of rents in, and lessening in value of, certain lots and buildings, and that by reason thereof the value of plaintiff's lands and buildings had been depreciated in the sum of $15,000, an order that plaintiff furnish a bill of particulars of his claim of damages, to-wit, "of the elements claimed by him to enter into, or in the aggregate constitute, the depreciation in value alleged * * * of the buildings and lots whereof the complaint alleges that said plaintiff is the owner, from or by reason of the alleged acts of the defendant," is, although not very clear, not limited improperly, but calls for a separate statement of the elements of loss in each of the three grounds alleged, and which united occasioned the amount of damages declared to have been sustained.

Appeal from special term, New York county.

Action by Robert A. Cheseborough against Charles H. Kimberly, for an injunction restraining the conducting of a warehouse business so as to create a nuisance, and for damages therefor. Defendant moved for a bill of particulars of his claim. From an order granting the motion defendant appeals.

Argued before VAN BRUNT, P. J., and DANIELS and BRADY, JJ.

*Chas. Stewart Davison,* (*Austen G. Fox,* of counsel,) for appellant. *Coudert Bros.,* for respondent.

BRADY, J. The review of the order appealed from cannot be made as satisfactorily as if the complaint had formed part of the moving papers. Its character and contents are revealed only to the extent presumable, and demonstrated by the allegation in the affidavit of the defendant used on the motion. From that it appears that this is an action to recover damages sustained by the plaintiff in consequence of the defendant's maintenance of a business conducted by him which is a nuisance; and, further, that it asserts three classes of damages, as follows: "Alleged loss of tenants for, alleged depreciation of rents in, and alleged lessening of value of, certain lots and buildings alleged to belong to the plaintiff, situated near the premises above mentioned." And that by the nineteenth paragragh there is a general allegation of damage, as follows: "That, by reason of the foregoing facts, the value of plaintiff's lands and buildings has been depreciated, to plaintiff's damage in the sum of $15,000." And, further, that there are no particulars of any depreciation of the plaintiff's lands and buildings, or any allegation by which the defendant could be ap-

prised of such depreciation by inference or deduction, and that there is no statement of any particular damage relating to any class of damages averred. This is a broad statement, which leaves nothing to be inferred from the substance of the complaint, other than that in a general way the injuries are stated, and the damages for all of them alleged in gross to be the sum named. The older rules controlling an application for a bill of particulars have been repudiated, and the practice must now be regarded as embracing all actions which the court, in the exercise of a sound discretion, may declare to be within its province. The design is to fairly apprise the defendant of the claims which he must be prepared to meet, either as damages or otherwise, and not subject him to the embarrassment and danger of conjecture. This is the result of requiring a plain statement of the facts constituting the cause of action, and the consequent rules by which the spirit of that provision shall prevail throughout the controversy. The mysterious, and so-called scientific, glories of the old system of pleadings, which left the defendant to grope unsuccessfully in a large field of speculation, were driven out upon an open sea when the Code was adopted, whatever doubts that system of rules created in other realms. The recent cases make this view clear. *Tilton* v. *Beecher*, 59 N. Y. 176; *Kraft* v. *Dingee*, 38 Hun, 345, 346; *Childs* v. *Tuttle*, 48 Hun, 228; *Construction Co.* v. *Gas-Light Co.*, 47 Hun, 255; *Lahey* v. *Kortright*, 55 N. Y. Super. Ct. 156; *Russell* v. *Giblin*, 8 N. Y. St. Rep. 336; *Callanan* v. *Gilman*, 107 N. Y. 360, 370, 14 N. E. Rep. 264; *People* v. *Tweed*, 63 N. Y. 194; *Orvis* v. *Dana*, 1 Abb. N. C. 268; Code, § 531.

Hence the learned judge in the court below ordered a bill of particulars, as follows: "Ordered that the said motion be, the same hereby is, granted to the extent that the plaintiff is hereby directed to furnish, within ten days of the service on his attorneys of a copy of this order and notice of entry thereof, to the defendant a bill of particulars of his claim of damage herein, to-wit, of the elements claimed by him to enter into or in the aggregate constitute the depreciation in value alleged in the amended complaint of the buildings and lots of land whereof the complaint alleges that said plaintiff is the owner, from or by reason of the alleged acts of the defendant set forth in said complaint." The defendant appealed from so much of the order made and entered herein on the 12th day of February, 1889, as limited the scope of the bill of particulars in and by said order directed to be furnished by the plaintiff in this action, and from each and every part thereof. The order as entered, after some contest, was settled by the parties, and the learned justice is not, therefore, responsible for any obscurity that distinguishes it,—a circumstance that might have destroyed the appeal had it not been also stipulated, as seems to have been done, that the right to appeal from the limit objected to should prevail. What is the limit becomes questionable, therefore, and as well how far it interdicts the right to particulars. It does not seem to be limited in any respect improperly. It requires a statement of all the elements claimed by the plaintiff to enter into, or which in the aggregate constitute, the depreciation in value, as alleged in the complaint, of the buildings and lots of land whereof he is alleged to be the owner. It goes without saying that this is not a very clear statement of what was to be done, and about which there might well be a difference of opinion, but sometimes unusual diction results in such obscurity at least as to create diverse views of its meaning. Here, however, there may be a successful demonstration of what was meant, namely, a separate statement of the elements of the losses in each of the classes, all of which united occasioned the amount of damage declared to have been sustained. If, for example, the names of the tenants referred to in the complaint were known, a statement of them; or, if not, then that persons applied for the premises, names unknown, who would have taken or hired them but for the alleged nuisance; a statement also of causes for the depreciation in value and in the rent of the premises, both of which would prob-

ably be the result of the refusal of persons to hire the premises, and the existence of the alleged nuisance itself,—these are the elements, or some of them, referred to, and they tend to the gist of the action. The amount of the damage arising from each element it is not necessary to state, as that would rest upon opinion merely. He is not entitled to statements of evidence, or its equivalent. The courts have not yet so far extended the office of the bill of particulars. All that the defendant is entitled to are the facts,—the elements; and he can speculate as to their effect as well as the plaintiff, through the necessary examinations and opinions of experts. The order should be affirmed, with $10 costs and disbursements.

All concur; VAN BRUNT, P. J., in the result.