55    35
33ap565

POST–EXPRESS PRINTING COMPANY, RESPONDENT, *v.*
JAMES ADAMS AND OTHERS, APPELLANTS.

*Bill of particulars — as to loss of patronage caused by a boycott of the plaintiff,
specifying the number of patrons and the damages.*

In an action to recover damages resulting from an alleged boycott of the plaintiff's
business, the complaint charged that the defendants and several other persons,
acting together and calling themselves "The Central Labor Union," agreed to
place the plaintiff under boycott, and in pursuance of such agreement, caused
to be circulated among the inhabitants of the city of Rochester, a great number
of printed circulars advising the friends of street-car drivers not to buy the
newspaper printed by the plaintiff, and to discontinue advertising in its columns;
and also orally solicited the business patrons and subscribers of such paper to
discontinue business relations with the plaintiff under the threat of pecuniary
loss to such patrons and subscribers if they failed to comply with such request.
The defendants moved for a bill of particulars as to the names and addresses of
those persons, other than the defendants, whom they caused to solicit and
threaten the plaintiff's patrons and subscribers; the names and addresses of
its business patrons and subscribers solicited to discontinue relations with
the plaintiff and the particulars of the plaintff's alleged damages through loss of
patronage.

*Held,* that the demand for such bill of particulars was a reasonable one and should
be granted.

APPEAL from an order of Monroe Special Term, denying defend-
ant's motion for a bill of particulars of the plaintiff's claim, entered
in the office of the clerk of Monroe county, August 5, 1889.

*D. C. Feely,* for the appellants.

*Satterlee & Yeoman,* for the respondent.

DWIGHT, J.:

The action is for damages resulting from an alleged "boycott"
of the plaintiff's business. The complaint charges that the defend-
ants and several other persons, acting together and calling themselves
"The Central Labor Union," did agree to place the plaintiff under
a boycott, and in pursuance of such agreement did circulate and
cause to be circulated among the inhabitants of the city of Roches-
ter a great number of printed circulars, of which a copy is set out
in the complaint, which, among other things, cautioned or advised
the friends of street car drivers not to buy the Post-Express; that

they also, in pursuance of such agreement, sent and caused to be sent to the patrons of the plaintiff, who were advertising in its newspaper (the Post-Express), another printed circular, of which a copy is set out in the complaint, requesting such patrons to discontinue advertising through the columns of that paper; that they did also, in pursuance of such agreement, orally solicit and cause others to solicit the business patrons of the plaintiff and subscribers of its paper to discontinue business relations with the plaintiff under the threat of pecuniary loss to such patrons and subscribers if they failed to comply with such request; that all such acts were done with the malicious intent to injure the plaintiff, and " that the plaintiff has, in consequence of the premises, lost patronage and been greatly damaged," and plaintiff asks judgment for $10,000.

The defendants moved for a bill of particulars of the plaintiff's claim, asking that the plaintiff be required to specify, in substance, as follows:

1. The names and addresses of those persons other than the defendants whom, it is alleged, they caused to solicit and threaten the plaintiff's patrons and subscribers as stated above.

2. The names and addresses of its business patrons and subscribers whom, it is alleged, the defendant solicited or caused others to solicit to discontinue relations with the plaintiff under threats of pecuniary loss, etc.

3. The particulars of the plaintiff's alleged damages by loss of patronage, whether arising from the withdrawal or withholding of advertisements or from decrease of circulation, giving the names and addresses of persons or firms who withdrew or withheld their advertisements and of those who discontinued their subscriptions in consequence of the alleged wrongful acts of the defendants.

The motion was denied at Special Term, and from that order this appeal was taken.

We think the demand for particulars was a reasonable one and ought to have been granted.

*First.* If the plaintiff or its officers know, of their own knowledge or are informed, as they state and verify in their complaint, that business patrons of the plaintiff have been personally solicited and threatened by the defendants in the manner charged, they must be supposed to know who those patrons are, and it is a reasonable

demand of the defendants to be informed of the names of persons whom the allegation is intended to embrace. It is to be observed that no demand is made for particulars of the publication or circulation of the first circular mentioned, nor of the persons to whom the second circular was sent, but only of the business patrons of the plaintiff orally and personally solicited and threatened by the defendants and others employed by them. If the plaintiff's officers know of such persons who have been thus approached they can probably give their names; if they do not know of them, it is difficult to account for the verified allegations of the complaint in that respect.

*Second.* Counsel for the respondent here object that the order asked for, would require the plaintiff to give the names of all the persons associated with the defendants in the " Central Labor Union." Such a requirement, it will be seen, is not embraced in the motion. The " others," whom the plaintiff is asked to name, are those only whom, it is alleged, the defendants caused to solicit and threaten patrons of the plaintiff to its injury. The act, in this respect, charged upon the defendants in the general allegation of the complaint, is described as that of causing other persons to do unlawful acts to the injury of the plaintiff. It is certainly not unreasonable that the plaintiff should inform the defendants who the persons are whom it is intended to allege they have caused to do the wrong complained of. (*Childs* v. *Tuttle*, 48 Hun, 228.)

*Third.* Whether the defendants are entitled to a bill of particulars of the plaintiff's damages depends upon whether or not the plaintiff's allegation in that respect is to be regarded as setting up a claim for special damages. If the plaintiff proposes to claim special damages, that is, loss of patronage in particular instances, either in advertising or in its subscription list, it must, of course, give a bill of particulars of such loss. If the intention was only to allege general damages, as where, in actions of slander or of libel, injury is alleged to reputation and to feelings, then no more particular specification of the injury is required. In other words, if the plaintiff intends to give evidence of particular instances of loss, occasioned by the wrongful acts of the defendants, those instances must be specified by a bill of particulars, the alternative being that the plaintiff will not be permitted to give evidence of any such particular instances which have not been so specified.

The allegations of this complaint are extremely general and give but little information to the defendants to guide or assist them in preparing to meet the evidence to be made in support of the plaintiff's claim. To give such information is the proper office of a bill of particulars. We think the case is one which fairly calls for the interposition of the court to limit and define the scope of the charges which the defendants are called upon to meet, which it has ample power to do under section 531 of the Code of Civil Procedure. (*Cunard* v. *Francklyn*, 111 N. Y., 511.) Whether the plaintiff (as suggested by its counsel) shall have the benefit of an examination of the defendants, or either of them, to aid in framing its bill of particulars, must be determined on a motion by the plaintiff for that relief.

The order appealed from should be reversed and the motion granted for a bill of particulars of the three allegations enumerated above. Neither party should have costs of the motion, but the appellants should have ten dollars costs and the disbursements of this appeal.

BARKER, P. J., concurred; MACOMBER, J., not sitting.

Order reversed, with ten dollars costs and disbursements and motion granted as indicated in the opinion.