BARKER, P. J., concurred ; MACOMBER, J., not sitting.

Order reversed, with ten dollars costs and disbursements and motion granted as indicated in the opinion.

---

CHARLES S. MURRAY, APPELLANT, v. LYDIA A. MABIE, RESPONDENT.

*Bill of particulars — of the exact terms of an affirmative agreement, set up in the answer as having been substituted for the one sued upon*

In an action to recover for services rendered in the sale of real estate, the answer alleged "that the plaintiff did not procure a purchaser on the terms authorized by the defendant, and in consideration that this defendant would convey the property * * * for a different sum and on different terms than any authorized by her, * * * the said plaintiff agreed that he * * * would waive all claims for compensation or commission, except a certain sum then agreed upon and which the defendant then paid in full."

*Held,* that a motion on behalf of the plaintiff for a bill of particulars setting out when and where such contract was made, what was the "different sum" and

what were the "different terms" for and upon which the defendant agreed to convey the property; what was the "certain sum" which the defendant agreed to accept for his services, and where and when such a sum was "paid in full," should have been granted.

Appeal from an order of September 10, 1889, at a Special Term, held in Erie county, denying the plaintiff's motion for a bill of particulars of certain averments of the defendant's answer.

*J. M. Hull*, for the appellant.

*O. O. Cottle*, for the respondent.

Dwight, J.:

The second count of the complaint is upon a *quantum meruit*, for services rendered by the plaintiff for the defendant in the sale of real estate belonging to the latter. The answer to that alleged cause of action contains the following averments: "The defendant alleges that the plaintiff did not procure a purchaser on the terms authorized by the defendant; and in consideration that this defendant would convey the property * * * for a different sum and on different terms than any authorized by her * * * the said plaintiff agreed that he * * * would waive all claims for compensation or commission, except a certain sum then agreed upon, and which the defendant then paid in full."

By his notice of motion the plaintiff asked to be informed of the following particulars of the special contract thus averred by the defendant, viz., when and where such contract was made; what was the "different sum" and what were the "different terms" for and upon which the defendant agreed to convey the property; what was the "certain sum" which the defendant agreed to accept for his services, and where and when such sum was "paid in full."

We think the plaintiff was entitled to the information sought. It is true the pleading was good without the particulars specified. It is a good answer to a complaint, on a *quantum meruit*, to aver that the services were rendered under a special contract. But the office of a bill of particulars is not to supply necessary allegations in a pleading, but to furnish information of particular facts which the party expects or intends to prove under the general allegations of his pleading, and thus to limit the scope of inquiry and enable the

opposite party to prepare to meet the proofs to be made. (*Cunard* v. *Francklyn*, 111 N. Y., 511; *Childs* v. *Tuttle*, 48 Hun, 228.) Of course it is idle to say that the plaintiff knew the facts as well as the defendant; the parties are at issue on the facts, and the plaintiff is not asking for information of what the facts are, but of what facts the defendant will attempt to establish. Although, as we have said, the answer of a special contract was good as a pleading, the proofs will be required to go further and show what the contract was, and when and where it was made; and it is for information of what the defendant expects or intends to prove the contract to have been in these particulars that the plaintiff asks by his motion.

We think the case is a very proper one for the application of the rule provided by the statute (Code of Civ. Pro., § 531), viz., "the court may in any case direct a bill of the particulars of the claim of either party to be delivered to the adverse party."

The order appealed from should be reversed and the motion granted, without costs of the motion to either party, but with ten dollars costs and the disbursements of the appeal to the appellant.

BARKER, P. J., concurred; MACOMBER, J., not voting.

So ordered.