WILLIAMS *et al.* v. FOLSOM *et al.*

(*Supreme Court, General Term, First Department.* March 13, 1891.)

1. PLEADING—BILL OF PARTICULARS.

   A complaint alleged that plaintiffs placed in the hands of defendants, as real-estate agents, certain property for sale; that by fraudulent representations defendants procured from plaintiffs a contract for the sale of the property, for a price much less than could have been obtained for it, to the wife of one of the defendants, who soon afterwards sold it for a much larger price. The complaint further alleged that defendants circulated rumors intended to keep away purchasers, and failed to bring plaintiffs in contact with persons desiring to buy the property, and that defendants had received offers for the property which they concealed from plaintiffs. *Held,* that defendants were entitled to a bill of particulars of the names of the per-·

sons from whom it was expected to prove they had received such offers, and among whom they had circulated such rumors.

2. RIGHT TO COSTS.
   On granting a motion for a bill of particulars of a small part only of the matters of which particulars were asked for by the motion, costs should abide the result of the action.

Appeal from special term, New York county.

Action by Louisa Williams, Helen Gibson Ward, and Clara A. Helm against Samuel D. Folsom, Thomas W. Folsom, and William H. Folsom. Defendants appeal from an order denying their motion for a bill of particulars of matters alleged in the complaint. For former litigation, see 3 N. Y. Supp. 681; 5 N. Y. Supp. 211; 7 N. Y. Supp. 568; and 10 N. Y. Supp. 895.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*George Putnam Smith* and *Edward C. Perkins,* for appellants. *Cravath & Houston,* for respondents.

DANIELS, J. The plaintiffs were the owners of the property known as "The Baltimore," situated on East Fortieth street, in the city of New York. It was placed in the hands of the defendants, as real-estate agents, for sale; and the complaint alleges that by means of fraudulent representations and concealments, made by them to and from the plaintiff Louisa Williams, who acted as well for the other plaintiffs as for herself, she was induced to enter into a contract for the sale of the property to Jessie Folsom, the wife of one of the defendants, for a price much less than could have been obtained by the defendants for the property. It is then particularized in the complaint that they circulated rumors intended to keep away purchasers, and render it difficult to sell the property; that they failed to bring either of the plaintiffs in contact with persons desiring to buy it; and purposely refrained from apprising the plaintiffs of persons who thought favorably of and who might have purchased the property. It is further alleged that they had received offers for the property not communicated to the plaintiffs, but which they concealed from them; and it is as to these allegations that the application was made for a bill of particulars. It does not appear from the complaint, otherwise than inferentially, that the plaintiffs did in fact convey the property to Jessie Folsom. But, as she is stated to have made a deed of it to Fred J. Stone, within 48 hours after the contract of the plaintiffs had been signed, it is to be presumed that a proper conveyance had been made by them, and that is in fact admitted by the answer. The sale to Stone is averred to have been made for the price of $13,000 in advance of that paid to the plaintiffs,—a circumstance which, if it exists, indicates the probability that the defendants are chargeable with misconduct in obtaining the conveyance to Mrs. Folsom. But to place them in the position where they may be able understandingly to meet all the plaintiffs' charges, they are entitled to know who the persons are from whom it is expected to prove that they had received offers for the property which were withheld from the plaintiffs, and among whom they circulated the rumors calculated to render the sale of the property difficult. This information will enable them to understand the case they may be expected to meet at the trial, and without it they will not be in that position; for it is not to be assumed that they already know, or may infer, to whom these allegations are intended to refer, so long as that has been denied by the answer. *Tilton* v. *Beecher*, 59 N. Y. 177. Where material allegations are obscure and indefinite as these are, the settled practice is to reduce them to reasonable certainty by the service of a bill of particulars. *Murray* v. *Maybie*, 8 N. Y. Supp. 289; *Printing Co.* v. *Adams,* Id. 276; *Cunard* v. *Francklyn,* 111 N. Y. 511, 19 N. E. Rep. 92. And to the extent of supplying the defendants with the names of the persons, in these allegations intended to be referred to, a bill of particulars should be served by the plaintiffs. In other respects the complaint seems to supply all the information concerning the grounds of the plaintiffs' action which the defendants can reasonably claim or expect. The order should be

reversed, and an order entered requiring the service of these particulars within 20 days after notice of this decision. But as the motion was very much more extended, the costs should abide the result of the action. All concur.