Hermann Isaac, Appellant, v. Robert Wilisch and Alexander Wilisch, Copartners, etc., Respondents.

*Bill of particulars — particulars of special damages, peculiarly within the plaintiff's knowledge — acts complained of fully known to the defendant.*

A complaint assigned as a cause of action, breaches by the defendants, who were manufacturers of paper in Europe, of a written agreement to deliver paper upon orders received by the plaintiff from customers, which purchase orders it was alleged the defendant had accepted, and claimed as damages the difference between the price to be paid by plaintiff and the price at which he had resold to the customers; annexed to the complaint was a schedule of these orders and of their numbers, and of the number of reams of paper covered by each order and of the value thereof; the defendants demanded a bill of particulars of the names and addresses of the persons to whom the plaintiff made sales as alleged.

*Held,* that the defendants were entitled to these additional particulars, because the damages claimed were in the nature of special damages, and the particulars attached to the complaint were not sufficient to identify the purchase orders as being the same as those alleged to have been taken by the plaintiff, and did not state the number of reams sold to any person or the dates of such sales, which information was peculiarly within the knowledge of the plaintiff, and the absence of which might result in surprise and injury to the defendants.

A plaintiff should not be compelled to furnish a bill of particulars, when it appears that knowledge of the acts complained of by him is peculiarly and thoroughly with the defendant, and that the purpose of the application is to find out just what evidence and what witnesses, together with their names, the plaintiff may have to sustain his cause of action.

Appeal by the plaintiff, Hermann Isaac, from an order of the Supreme Court, made at the New York Special Term at Chambers and entered in the office of the clerk of the city and county of New York on the 14th day of February, 1893, directing the plaintiff to serve a bill of particulars.

*A. H. Van Brunt,* for the appellant.

*George J. Greenfield,* for the respondents.

Per Curiam:

The plaintiff, doing business in this city, entered into a written contract with the defendants, who were manufacturers of colored paper in Germany, the construction of which contract, as expressed in its terms and contended for by plaintiff, would confer on the lat-

ter the exclusive sale of the goods of defendants' manufacture in the United States. Assigning breaches of this written agreement, the plaintiff seeks to recover upon four separate and distinct causes of action, the first being defendants' failure to deliver colored paper upon orders received by plaintiff from customers, which purchase orders it is alleged the defendants duly accepted, and by reason of their failure damaged the plaintiff to the extent of the difference between the price to be paid by plaintiff and the price at which he had resold the same to the customers. Annexed to the complaint as an exhibit is a schedule of these orders and of their numbers and of the number of reams of paper covered by each order and the value thereof.

In addition, however, the defendants ask for a bill of particulars of the names and addresses of the persons to whom the plaintiff made sales as alleged, which particulars, we think, should have been furnished as directed by the order appealed from, because the damages claimed by reason of the breach assigned are in the nature of special damages, and although certain particulars are given in the exhibit attached to the complaint, such particulars are not sufficient means of identifying the purchase orders as being the same as those alleged to have been taken by plaintiff, nor do they state the number of reams sold to any purchaser, or the dates of such sales. As this is information peculiarly within the knowledge of the plaintiff, we can see no hardship in requiring him to furnish the same. On the other hand, the absence of such particulars, by preventing the defendants from identifying the orders and rendering them unable to meet the proof offered upon the trial by plaintiff, might result in surprise and possible injury.

The second cause of action is for accepting and delivering orders in the United States from parties other than the plaintiff, in violation of the agreement, and a subsequent agreement made, as alleged, between the parties, by which the plaintiff was to forbear to prosecute the claim, in consideration of which the defendants were to pay the plaintiff a certain percentage of the total goods before that time shipped. With regard to this cause of action, the defendants demand the following particulars:

(1) The names of the parties, other than the plaintiff, from whom defendants' firm took orders, and to whom they sold and delivered

their colored paper goods manufactured by them in violation of the agreement; and (2) the names of the parties from whom the defendants took orders and sold and delivered their colored paper goods manufactured by them in violation of a previous agreement.

These particulars being as much in the possession of the party asking as in that of the plaintiff, no good reason has been assigned why the plaintiff should be compelled to furnish them. The court is not disposed to compel plaintiff to furnish specific details solely with a view to limiting the witnesses whom plaintiff otherwise might produce to prove the extent to which defendants had gone in breaking their contract. Upon such facts appearing, this court has frequently refused to require bills of particulars. Upon the ground alone that it appears that knowledge of the acts complained of is peculiarly and thoroughly with the defendants, it is but just that plaintiff should not be required to furnish the particulars. (*Fink* v. *Jetter*, 38 Hun, 163; *Passavant* v. *Cantor*, 48 id. 546.)

The third cause of action is for breach of the agreement arising from short deliveries and defects in quality, in consideration of plaintiff's forbearing to prosecute which claim, one of the defendants on behalf of his firm agreed to pay to the plaintiff the sum of $1,120.50. In regard thereto the defendants demand the following particulars : (1) The numbers of the orders in which there were shortages in packages and rolls of paper purchased by the plaintiff of defendants' said firm ; (2) the amount of such shortages respectively ; (3) the numbers of the orders in which there were defects in the quality of the goods, and (4) the peculiar nature of such defects.

With regard to these particulars, what has already been said about their being as much within the possession of the defendants as of the plaintiff is applicable, but in addition thereto it may be added that the cause of action is to recover a liquidated amount as the result of an agreement by reason of such defects in quality and shortage, which, as alleged, were conceded by one of the defendants. As it would not be necessary, in order to recover for such amounts, to prove every item of shortage or defect in quality, we fail to see how this information can be at all essential to enable the defendants to prepare for their defense. In other words, for the defects and shortage averred by way of inducement or consideration as the basis of an agreement between the parties, by which, to indemnify the plaintiff

for the loss resulting therefrom, he was to receive a fixed sum agreed upon between the parties.

As to the first cause of action, apart from the affidavit of the attorney used upon the motion, it can be seen from an inspection of the complaint that it was a proper application made to the court for the desired particulars, and it is for that reason that we are not disposed to interfere with the order.

In regard, however, to the second and third causes of action, the right to the particulars demanded could not be determined upon a mere inspection of the complaint, and it was, therefore, essential for the defendants to make out a case showing want of knowledge and the reasons for the particulars demanded. These reasons are sought to be furnished by the affidavit of the defendants' attorney, instead of by one of the defendants themselves. We have had occasion frequently to advert to the fact that it is impossible for an attorney to know what knowledge his clients may have as to particular facts, and hence the necessity of requiring the parties themselves to make affidavits with respect to such knowledge as they may possess, instead of attempting to delegate this office to an attorney. Assuming, however, in this case, with the explanation given of the absence of the defendants in Europe, and the possession of information by means of letters and communications, that the defendants were in a position to present *prima facie* evidence to the court, this has been met by the counter affidavits of the plaintiff in resisting the motion, which tend to support upon the merits the conclusions at which we have arrived, that most of these particulars sought to be obtained are in the possession of the defendants, and that the purpose sought is to find out just what evidence and what witnesses, together with their names, the plaintiff may have in order to sustain his cause of action.

We are of opinion, therefore, that the order requiring particulars to be given as to the first cause of action should be affirmed, and as to the second and third causes of action reversed, without costs to either party upon this appeal.

Present — O'BRIEN, P. J., and INGRAHAM, J.

Order requiring particulars to be given as to the first cause of action affirmed, and as to the second and third causes of action reversed, without costs to either party upon this appeal.