ROBERTS et al. v. SAFETY BUGGY CO.

(Supreme Court, Appellate Division, First Department. January 24, 1896.)

PLEADING—BILL OF PARTICULARS.
    In an action for breach of contract by which defendant agreed to sell to plaintiffs goods at a certain price, and to give them the exclusive right

to sell such goods in a certain territory, both parties stipulating not to sell at less than a specified price, the breach alleged was that defendant sold goods for less than the stipulated price, that through agents other than plaintiffs sales were made in plaintiffs' territory, and that by reason of such breach plaintiffs had been unable to make sales at the agreed price. *Held,* that plaintiffs should be required to furnish a bill of particulars specifying the name of the agent who made the alleged sales in violation of the contract, places at which they were made, the names of the persons to whom such sales were made, and the amount of damage sustained.

Appeal from special term, New York county.

Action by Edward J. Roberts and another against the Safety Buggy Company for breach of a contract. From an order denying a motion to compel plaintiffs to furnish a bill of particulars, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

C. F. Goddard, for appellant.

E. H. Wilson, for respondents.

PATTERSON, J.　The order denying the motion for a bill of particulars should be reversed. Under the allegations of the complaint and the issues raised by the answer, the defendant was entitled to the particulars of some of the matters stated in the complaint as constituting plaintiffs' cause of action, although not to the extent suggested in the notice of motion. The action is for the breach of a contract by which the defendant agreed to sell to the plaintiffs certain vehicles at $55 apiece, and in consideration of the purchase by the plaintiffs the defendant stipulated to give to the plaintiffs the control of sales of vehicles manufactured by it in the cities of New York and Brooklyn, and Newark, Hoboken and Orange, N. J., and the defendant also agreed not to sell vehicles of a similar character in the places above named; and there was also a stipulation in the contract that neither of the parties would sell to others vehicles of the character referred to at a less price than $75 each, less 5 per cent. discount. The breach claimed is that the defendant violated the contract by selling vehicles of the same character to divers persons at divers places at less than $75, and that, through agents other than the plaintiffs, such interdicted sales were made in the places above named; and the plaintiffs claim that by reason of such violation they were unable to make sales of the vehicles purchased by them at the agreed price, and that they have been prevented from making sales at all, to their damage.

It was claimed, in opposition to the motion, that a bill of particulars should not be allowed because the information sought to be obtained must be within the knowledge of the defendant. But that, under the circumstances of this action, is not a sufficient answer. The defendant should not be put to the necessity of compelling the attendance in court of each of its agents, and of every person to whom it, through its agents, has sold vehicles, to be ready to meet the testimony of any one witness or more who may be put upon the stand to prove the breach of the contract alleged in the complaint.

· That would be imposing upon it a burden which it should not bear. It is altogether reasonable that the plaintiffs should furnish to the defendant the name of the agent who made the alleged sales in violation of the plaintiffs' contract, the place at which they were made, and the name of each person to whom an alleged improper sale is claimed to have been made. Such particulars will be sufficient to enable the defendant to prepare for trial, but, further than that, on this branch of the motion, plaintiffs should not be required to disclose their evidence, nor make any further statement now with reference thereto.

On the other branch of the motion, namely, that relating to the particulars of the damage sustained by the plaintiff, we think the motion should also have been granted. The allegation that by reason of the violation of the contract by the defendant the plaintiffs have been prevented from selling the vehicles bought by them is in the nature of special damage, and under such circumstances a bill of particulars of the damage is generally allowed. Isaac v. Wilisch, 69 Hun, 339, 23 N. Y. Supp. 589; Kraft v. Dingee, 38 Hun, 345; Justum v. Stone-Masons' Union, 78 Hun, 503, 29 N. Y. Supp. 621.

The order denying the motion for a bill of particulars is reversed, and the motion granted to the extent above indicated, with $10 costs and disbursements, with leave to the plaintiffs to serve an additional bill of particulars as to the violation by the defendant of the contract at any time within 10 days of the trial. All concur.