EDWARD J. ROBERTS, JR., and WILLIAM H. BRINKERHOFF, Respondents, *v.* SAFETY BUGGY COMPANY, Appellant.

*Bill of particulars, as to sales of vehicles in violation of a contract of agency — items of special damages resulting therefrom.*

Upon an appeal from an order made in an action, denying a motion for a bill of particulars of the matters stated in the complaint, it appeared that the action was based upon the breach of a contract under which the defendant agreed to sell the plaintiffs certain vehicles at fifty-five dollars apiece, and in consideration of the purchase the defendant agreed to give the plaintiffs control of the sales of its vehicles in certain cities, and also agreed not to sell similar vehicles in those places, and, further, that neither party would sell to other persons these vehicles at less than seventy-five dollars each less five per cent discount.

The breach claimed was that the defendant made sales in the plaintiffs' territory and at a price less than seventy-five dollars, and that by reason of the violation of the contract the plaintiffs had been unable to sell the vehicles which they had purchased of the defendant.

*Held,* that the plaintiffs should furnish to the defendant a bill of particulars giving the name of any agent of the defendant who made sales in violation of the contract, the place where the sales were made, and the names of each person to whom an alleged prohibited sale was claimed to have been made;

That the allegation contained in the complaint, that because of the violation of the contract the plaintiffs had been prevented from selling the vehicles which they bought of the defendants, was in the nature of special damages, and that under such circumstances a bill of the particulars of such damages should be furnished by the plaintiffs.

APPEAL by the defendant, the Safety Buggy Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of December, 1895, denying the defendant's motion for a bill of particulars.

*C. F. Goddard* and *Louis F. Doyle,* for the appellant.

*Edward H. Wilson,* for the respondents.

PATTERSON, J.:

The order denying the motion for a bill of particulars should be reversed. Under the allegations of the complaint and the issues raised by the answer, the defendant was entitled to the particulars of some of the matters stated in the complaint as constituting plaintiffs' cause of action, although not to the extent suggested in the notice of motion. The action is for the breach of a contract by which the defendant agreed to sell to the plaintiffs certain vehicles at fifty-five dollars apiece, and in consideration of the purchase by the plaintiffs the defendant stipulated to give to the plaintiffs the control of sales of vehicles manufactured by it in the cities of New York and Brooklyn, and Newark, Hoboken and Orange, New Jersey, and the defendant also agreed not to sell vehicles of a similar character in the places above named; and there was also a stipulation in the contract that neither of the parties would sell to others vehicles of the character referred to at a less price than seventy-five dollars each, less five per cent discount.

The breach claimed is that the defendant violated the contract by selling vehicles of the same character to divers persons at divers places at less than seventy-five dollars, and that, through agents other than the plaintiffs, such interdicted sales were made in the places above named; and the plaintiffs claim that, by reason of such violation, they were unable to make sales of the vehicles purchased by them at the agreed price, and that they have been prevented from making sales at all, to their damage.

It was claimed in opposition to the motion that a bill of particulars should not be allowed because the information sought to be obtained must be within the knowledge of the defendant. But that, under the circumstances of this action, is not a sufficient answer. The defendant should not be put to the necessity of compelling the attendance in court of each of its agents and of every person to whom it, through its agents, has sold vehicles, to be ready to meet the testimony of any one witness or more who may be put upon the stand to prove the breach of the contract alleged in the complaint. That would be imposing upon it a burden which it

should not bear. It is altogether reasonable that the plaintiffs should furnish to the defendant the name of the agent who made the alleged sales in violation of the plaintiffs' contract, the place at which they were made, and the name of each person to whom an alleged improper sale is claimed to have been made. Such particulars will be sufficient to enable the defendant to prepare for trial, but further than that, on this branch of the motion, plaintiffs should not be required to disclose their evidence nor make any further statement now with reference thereto.

On the other branch of the motion, namely, that relating to the particulars of the damage sustained by the plaintiffs, we think the motion should also have been granted. The allegation that by reason of the violation of the contract by the defendant, the plaintiffs have been prevented from selling the vehicles bought by them, is in the nature of special damage, and under such circumstances a bill of particulars of the damage is generally allowed. (*Isaac* v. *Wilisch*, 69 Hun, 339; *Kraft* v. *Dingee*, 38 id. 345; *Justum* v. *Bricklayers, P. & S. Union*, 78 id. 503.)

The order denying the motion for a bill of particulars is reversed and the motion granted to the extent above indicated, with ten dollars costs and disbursements, with leave to the plaintiffs to serve an additional bill of particulars as to the violation by the defendant of the contract at any time within ten days of the trial.

VAN BRUNT, P. J., BARRETT, O'BRIEN and INGRAHAM, JJ., concurred.

Order reversed and motion granted, with ten dollars costs and disbursements, with leave to the plaintiffs to serve an additional bill of particulars as to the violation by defendant of the contract at any time within ten days of the trial.