### MacDONOUGH et al. v. HAYMAN.

(Supreme Court, Appellate Division, First Department. December 31, 1897.)

BILL OF PARTICULARS.

In an action by the proprietors of an hotel building against one to whom they leased a portion thereof constituting a theater, for breach of covenants to maintain the theater throughout the term of the lease as a strictly first-class theater, to produce only such attractions as might properly be played at such a theater, and for special damages amounting to $100,000 in the decrease of patronage of the hotel, diminution in number of guests, and injury to its business reputation and good will, and impairment in the value of plaintiff's estate, and $5,000 for failure to keep the theater in repair, as agreed, the defendant is entitled to a bill of particulars specifying in detail the plays they intend to question, the date of each production, the precise dates when the theater was actually closed, the particulars of failure to repair, the amount in which the patronage of the hotel has decreased, and the amount lost through diminution of guests, the amount claimed for loss of business and for loss of reputation and good will, and how much the value of plaintiffs' estate has been impaired.

Appeal from special term, New York county.

Action by Joseph M. MacDonough and others against Al. Hayman. From an order denying a motion for a further bill of particulars, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

David Leventritt, for appellant.
Alfred Ely, for respondents.

BARRETT, J. This action is for the breach of a covenant in the lease of a theater in San Francisco. The plaintiffs are the lessors, and the defendant the lessee. The premises are known as the "California Hotel and Theater Building." The hotel and theater are in one building, and are mutually dependent. The plaintiffs conduct the hotel, the defendant the theater. One of the defendant's covenants is to maintain the theater during the term of the lease, and to keep the same open and in use as a strictly first-class theater, and to produce only such attractions as might properly be played at a strictly first-class theater. For the breach of the latter covenant the plaintiffs claim $100,000 damages. As special damages they allege that the patronage of their hotel has been decreased, and the number of their guests diminished; that the business of the hotel has suffered; its reputation and good will have been seriously injured; and its value, and the value of the plaintiffs' estate therein, greatly lessened. Another of the defendant's covenants is to use all proper care and precaution for the preservation and protection of the personal property in the theater, and to keep the same, as well as the theater itself, in repair, at his own cost. The breach of this covenant is also alleged, and for that breach the plaintiffs claim $5,000 damages. Upon the defendant's demand the plaintiffs furnished what they claim to be a proper bill of particulars of the matters thus set out in the complaint. It is quite plain, however, upon an inspection of this bill, that it is nothing more than a repetition, in another, though somewhat ampler, form, of the allegations of the complaint. It, in fact, entirely fails to apprise the defendant of the concrete charges made against him. It will not do for the plaintiffs to confine their bill of particulars to a general statement that the defendant, during the entire demised term, or during the greater part thereof, failed to keep the premises open and in use as a strictly first-class theater; nor will it suffice, in such a bill, to say that the damages, general and special, were, in the one instance $100,000, and in the other $5,000. The defendant has a legal right to know just what he will be required to meet upon the trial. The burden cannot, by mere generalization, be put upon him of accounting for every day of his occupancy. The plaintiffs should, in all fairness, specify the play or plays which they intend to question by proof upon the trial, and the date of each production. Vague and general statements will not suffice. The defendant has a right to know what the particular attractions are to which the plaintiffs take exception. Thus, and thus alone, can he come to trial prepared to justify his performances, and to meet the real charges made against him. It is no answer to his demand that he knows what performances he gave. That is true; but, as already observed, he should not, upon a mere generalization, be called upon to defend each of his productions throughout the entire term. Were this otherwise, he would have to produce upon the trial people connected with every troupe that performed at his theater during the years 1895 and 1896. Being entirely in the dark as to the probable course of the trial, he would be compelled to keep these people together in groups, ready to support with their testimony any

play or attraction, along the entire line of his management, which the plaintiffs at the last moment might single out for attack. That would put upon him a most unjust and oppressive burden. The plaintiffs have no right to put that burden upon him, or by indirection to place him at such a disadvantage as their bill foreshadows. It is only their concrete and specific charges which the defendant should be called upon to meet. If they mean to say that every single play produced by the defendant during his entire term was unworthy of a strictly first-class theater, let them say so distinctly, under oath. In that case, however, they should, at least, give play and date. The burden of verified assertion on these specific heads is properly upon the plaintiffs; and it is only by strictly imposing that just burden upon them, and preventing its evasion, that the defendant can be protected, and can advisedly commence his preparations for the trial. The plaintiffs should also be required to specify the precise dates when they claim that the theater was actually closed in violation of the covenant of the lease. They should also give the items of the special damage averred, namely: First, the amount in which the patronage of their hotel has been decreased; second, the amount lost through the diminution of guests; third, to what pecuniary extent the hotel business has suffered; fourth, the amount claimed for loss of its reputation and good will; fifth, how much the value of their estate therein has been impaired and lessened. The defendant is also entitled to the particulars of the charge of failure to protect and preserve the personal property, and to keep this property and the theater in repair. Again, it is no answer to this demand that the defendant knows what he has done or omitted to do in the premises. Undoubtedly, he knows what he has done or omitted to do, but still he is ignorant of the particular omission which is the subject of the charge. He is entitled to be informed on that head. It is only when he has acquired such information that he can apply his knowledge thereto, and advisedly prepare to defend himself.

The order should therefore be reversed, with $10 costs and disbursements of the appeal, and the defendant's motion for a further bill of particulars granted, without costs, to the extent indicated in this opinion. All concur.

---

(23 App. Div. 29.)

BROOKLYN EL. R. CO. v. BROOKLYN, B. & W. E. R. CO. et al.

(Supreme Court, Appellate Division, Second Department. December 7, 1897.)

1. MONOPOLIES — AGREEMENT BETWEEN RAILROADS — INTERCHANGE OF PASSENGERS.

   