CHARLES HENRY DIETZ, Respondent, *v.* EDWARD F. LEBER and LOUIS MEYER, Appellants.

*Malicious prosecution — allegation that many persons had refused to do business with the plaintiff owing to the fact of his arrest having been published in various newspapers — bill of particulars ordered as to the names of the persons and of the newspapers.*

In an action to recover damages resulting from an alleged malicious prosecution, the complaint alleged that the fact that the plaintiff had been prosecuted and arrested and that he had been charged by the defendants with having been guilty of fraud was extensively published in public newspapers through the procurement of the defendants, and that in consequence of his arrest many persons hearing thereof, supposing the plaintiff to have been guilty of fraud, had refused to do business with him.

*Held,* that the defendants were entitled to a bill of particulars as to the "names of the newspapers in which, and the dates upon which, it is claimed that it was extensively published through the procurement of the defendants," etc., and also as to "the names of the persons who are claimed to have refused to do

business with the plaintiff or trade with him, by reason of the alleged prosecution and arrest."

APPEAL by the defendants, Edward F. Leber and another, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 22d day of September, 1898, denying the defendants' motion to require the plaintiff to furnish a bill of particulars.

*Herbert R. Limburger*, for the appellants.

*Edward Goldschmidt*, for the respondent.

WOODWARD, J.:

This action was brought for the purpose of recovering damages for an alleged malicious prosecution. The complaint alleges, among other things, "That the facts of this plaintiff being so prosecuted and arrested, and of his being charged by the defendants and through their procurement with having been guilty of fraud, false and fraudulent representations were extensively published in public newspapers through the procurement of defendants, as plaintiff believes, and with malicious intent to injure plaintiff's good name and fame in the community and among plaintiff's customers, clients and connections in the drug importing and jobbing business," and "that in consequence of his arrest and imprisonment and of the malicious prosecution so instituted by defendants, many persons, hearing of said prosecution and of plaintiff's arrest, and supposing the plaintiff to have been guilty of fraud, false and fraudulent representations, have refused to do business with plaintiff or to trade with him in and about the said business, and his credit and good name have been greatly injured, to his damage twenty-five thousand dollars."

The defendants, answering, make a general denial of the charges contained in the complaint, and set up as a defense advice of counsel, at the same time demanding a bill of particulars as to the "names of the newspapers in which, and the dates upon which, it is claimed that it was extensively published through the procurement of the defendants," etc., and "The names of the persons who are claimed to have refused to do business with the plaintiff or trade with him by reason of the alleged prosecution and arrest," and "The names of the persons with whom it is claimed the plaintiff's credit was injured," etc. On the plaintiff refusing to comply with this demand, a motion was made at Special Term for a bill of par-

ticulars, and this motion was denied on the ground that the defendants knew whether they had procured the publication of the reports, and that the other allegations of the complaint were " not averments of special damage, and may be sustained by proof of the malicious act without proof of specific instances."

We are of opinion that in thus disposing of the motion for a bill of particulars, the court was in error. It is true, of course, that the defendants know whether or not they procured the publication of the fact of the arrest of the plaintiff, but they have no information as to the claim of the plaintiff as to what newspapers may have published the report of the arrest at the procurement of the defendants. The Code of Civil Procedure provides (§ 531) that " The court may, in any case, direct a bill of the particulars of the claim of either party to be delivered to the adverse party," and it is the claim of the plaintiff which the defendants seek to know. They have a right to know in which particular public newspapers the plaintiff claims that the report was published upon the procurement of the defendants; otherwise they would be obliged, for their own safety, to have witnesses at hand from all of the public newspapers of the country in order to meet the evidence which might be produced upon the trial of the cause. If the plaintiff has any grounds for believing that the defendants procured the publication of the fact of his arrest, he must know what particular newspapers published the fact upon the procurement of the defendants, and it is only just that the defendants should be informed as to the claim of the plaintiff in respect to this part of the complaint, that they may know what they are to meet upon the trial, and that they may have an opportunity to collect their evidence and present it to the court.

" Of course," say the court in the case of *Justum* v. *Bricklayers' Union* (78 Hun, 503), " if the defendants are innocent of any wrong of the character charged against them, they know their innocence and can assert it; but they cannot, for that reason, know what particular acts of wrong or items of damage the plaintiff will attempt to prove, and of these particulars they have a right to be informed." To the same effect is the case of *Post-Express Printing Co.* v. *Adams* (55 Hun, 35), where the court say: " If the plaintiff or its officers know, of their own knowledge or are informed, as they state and verify in their complaint, that business patrons of

the plaintiff have been personally solicited and threatened by the defendants in the manner charged, they must be supposed to know who those patrons are, and it is a reasonable demand of the defendants to be informed of the names of persons whom the allegation is intended to embrace." So in the case of *Roberts* v. *Safety Buggy Co.* (1 App. Div. 74) the court say : " It was claimed in opposition to the motion that a bill of particulars should not be allowed because the information sought to be obtained must be within the knowledge of the defendant. But that, under the circumstance of this action, is not a sufficient answer. The defendant should not be put to the necessity of compelling the attendance in court of each of its agents and of every person to whom it, through its agents, has sold vehicles, to be ready to meet the testimony of any one witness or more who may be put upon the stand to prove the breach of the contract alleged in the complaint. That would be imposing upon it a burden which it should not bear. It is altogether reasonable that the plaintiffs should furnish to the defendant the name of the agent who made the alleged sales in violation of the plaintiff's contract, the place at which they were made, and the name of each person to whom an alleged improper sale is claimed to have been made. Such particulars will be sufficient to enable the defendant to prepare for trial, but further than that, on this branch of the motion, plaintiffs should not be required to disclose their evidence nor make any further statement now with reference thereto." In the case of *Macdonough* v. *Hayman* (23 App. Div. 575) the court say : " The defendant has a legal right to know just what he will be required to meet upon the trial. The burden cannot, by mere generalization, be put upon him of accounting for every day of his occupancy. The plaintiffs should, in all fairness, specify the play or plays which they intend to question by proof upon the trial, and the date of each production. Vague and general statements will not suffice. The defendant has a right to know what the particular attractions are to which the plaintiffs take exception. Thus, and thus alone, can he come to trial prepared to justify his performances and to meet the real charges made against him. It is no answer to his demand that he knows what performances he gave. That is true, but, as already observed, he should not, upon a mere generalization, be called upon to defend each of his productions throughout the entire term. Were

this otherwise, he would have to produce upon the trial people connected with every troupe that performed at his theatre during the years 1895 and 1896. Being entirely in the dark as to the probable course of the trial, he would be compelled to keep these people together in groups, ready to support, with their testimony, any play or attraction, along the entire line of his management, which the plaintiffs, at the last moment, might single out for attack. That would put upon him a most unjust and oppressive burden. The plaintiffs have no right to put that burden upon him, or by indirection to place him at such a disadvantage as their bill foreshadows. It is only their concrete and specific charges which the defendant should be called upon to meet."

It is clear, then, that the defendants, in so far as the allegations in reference to the publication are concerned, are entitled to the bill of particulars asked for. There seem to be equally good reasons for supporting the second demand of the defendants, the third being waived. While there may be some question whether the pleadings are intended to demand special damages, it is clear that if the plaintiff is allowed to introduce evidence of the fact alleged in his complaint, that by reason of the arrest and imprisonment many persons have refused to do business with plaintiff or to trade with him, the evidence would tend to induce larger damages than those growing out of the mere fact that the defendants were found guilty of malicious prosecution. The averment is, therefore, in the nature of special damage, and if the defendants are to meet this upon the trial of the action, they have a right to know who the persons are who have been deterred from trading with the plaintiff by reason of the arrest and imprisonment alleged in the complaint.

" If the plaintiff proposes to claim special damages," say the court in the case of *Post-Express Printing Co.* v. *Adams (supra)*, " that is, loss of patronage in particular instances, either in advertising or in its subscription list, it must, of course, give a bill of particulars of such loss. If the intention was only to allege general damages, as where, in actions of slander or of libel, injury is alleged to reputation and to feelings, then no more particular specification of the injury is required. In other words, if the plaintiff intends to give evidence of particular instances of loss, occasioned by the wrongful acts of the defendants, those instances must be specified by a bill of

particulars, the alternative being that the plaintiff will not be permitted to give evidence of any such particular instances which have not been so specified."

In the case of *Roberts* v. *Safety Buggy Co.* (*supra*) the court say : " On the other branch of the motion, namely, that relating to the particulars of the damage sustained by the plaintiffs, we think the motion should also have been granted. The allegation that by reason of the violation of the contract by the defendant, the plaintiffs have been prevented from selling the vehicles bought by them, is in the nature of special damage, and under such circumstances a bill of particulars of the damage is generally allowed." The same doctrine was maintained in the case of *Kraft* v. *Dingee* (38 Hun, 345). The plaintiff alleged injury to certain buckskins by using oil furnished by the defendant, and that he had, among other injuries suffered thereby, lost customers, " piano manufacturers to whom he had been and was accustomed to sell said skins, and who purchased the same to be used in their business of manufacturing pianos." The defendant demanded a bill of particulars, and the court, in reversing the order denying the motion, say : " Whether the customers left the plaintiff, and whether they did so by reason of the bad leather sold to them by the plaintiff, and whether the leather was tanned by the oil in question, will probably all be questions for the jury. The defendant is entitled to this information so as to prepare for trial. If he waits until the names are produced on the trial, it will then be too late to make what might be considered a satisfactory inquiry into the facts. It is easy for the plaintiff to give the particulars asked for. If he has his account of loss made up sufficiently to put in a complaint, he must have the names and residences of the customers lost, through whom the loss was occasioned."

The case at bar is clearly within the rule laid down in the case of *Post-Express Printing Co.* v. *Adams* (*supra*), and as the ends of justice demand that the defendants should have the information which they seek, that they may, without unnecessary burden, be prepared to meet the averments of the plaintiff on the trial of the action, the order appealed from should be reversed, with costs.

All concurred.

Order reversed, with ten dollars costs and disbursements.