## MUSSINAN v. WILLNER WOOD CO.

(Supreme Court, Appellate Division, Second Department. March 7, 1902.)

1. SALES—ACTION FOR PRICE—COUNTERCLAIM—DELAY IN DELIVERY—BILL OF PARTICULARS.

In an action for the price of machinery, defendant set up as a counterclaim that it was not delivered within the time specified in the contract, and that defendant was thereby damaged to a specified amount in not being able to carry out various contracts for articles which were to have been manufactured with the machinery, and was also prevented from obtaining other such contracts. *Held*, that failure to require defendant to furnish, after demand by plaintiff, a bill of particulars, giving the names and addresses of the parties alleged to have made, or to have been willing to make, such contracts, was error.

2. SAME—ADMISSIONS IN PLEADINGS—UNDENIED ALLEGATIONS.

The rule being settled by Code Civ. Proc. § 522, that each allegation of the complaint not controverted by the answer must be taken as true, an order directing defendant to furnish details as to an item of his counterclaim with which it was expressly credited by the complaint was superfluous.

Appeal from special term, Kings county.

Action by Alfred Mussinan against the Willner Wood Company. From an order failing to direct defendant to furnish a bill of particulars of damages set up in a counterclaim, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Herbert A. Heyn, for appellant.

George Coggill (Edward S. Thurston, on the brief), for respondent.

WOODWARD, J.　This action was brought to recover $4,397.62, the purchase price of certain tanks, boilers, and other machinery sold by Struthers, Wells & Co., plaintiff's assignors, to the defendant corporation under a written contract. The answer admits the delivery of the goods, sets up an equitable counterclaim, and, as a second counterclaim, alleges that it has sustained damages, aggregating $15,000, by reason of the failure of plaintiff's assignor to deliver the goods involved in the litigation within the time specified in the contract. The allegations of this second counterclaim, involving special damages, are that "the defendant was unable to complete its works at that place (Rahway, N. J.), to its great damage," and that "the defendant did enter into agreements with various persons to furnish them with wood carvings, planed wood, water and fire proof wood turned out under patented processes by means of the machinery referred to in the specifications, whereby it agreed to deliver within certain dates certain quantities thereof," and that by the fault of plaintiff's assignors the defendant "was unable to comply with the contracts entered into between it and the various persons with whom it had entered into contracts"; that "large quantities of wood were destroyed"; and that defendant "was prevented from obtaining large and valuable contracts, which would have resulted in great gain to this defendant," etc. The plaintiff demanded a bill of particulars, and, upon the defendant failing to give the desired information, moved for a bill. The learned court at special term granted only so much of the relief asked for as related to the allegations of the quantity and value of the wood destroyed, and directed the defendant to furnish "details of the $352.38, part of the damages claimed to have been suffered by the defendant, as set forth in its answer herein." There appears to be no controversy in respect to this portion of the alleged damages; the complaint expressly credits the defendant with this amount, and defendant's answer claims to be entitled to the same; and the rule is settled by section 522 of the Code of Civil Procedure that each allegation of the complaint not controverted by the answer must, for the purposes of the litigation, be taken as true. It seems entirely clear, therefore, that the learned court has inadvertently caused an order to issue in respect to a matter which is already determined, while denying to the plaintiff the relief which would alone be of use, and we are of opinion that there has been no exercise of the judicial discretion in determining the question. A long line of authorities holds that where there is a demand for special damages, such as that alleged in the counterclaim now under consideration, the party sought to be charged is entitled to a bill of particulars, giving the names and addresses of the parties who are alleged to have made contracts, or who are alleged to have been willing to make contracts, in order to prepare for the trial. Jacobs v. Preventive Co. (Sup.) 25 N. Y. Supp. 346, and authorities there cited; Childs v. Tuttle, 48 Hun, 228, 230, and authorities there cited; Cheseborough v. Kimberly (Sup.) 6 N. Y. Supp. 623, and authorities cited; Roberts v. Buggy Co., 1 App. Div. 74, 36 N. Y. Supp. 1094; Isaac v. Wilisch, 69 Hun, 339, 340, 23 N. Y. Supp. 589; Justum v. Bricklayers' Union, 78 Hun, 503; New York News Pub. Co. v.

National S. S. Co., 148 N. Y. 39, 42 N. E. 514. The order appealed from should .be reversed, and the defendant should be ordered to give a bill of particulars, in substance as contended for by the appellant.

Order reversed, with $10 costs and disbursements, and motion for bill of particulars granted, with $10 costs. All concur.