(38 Misc. Rep. 672.)

### HUNTER v. HUNTER.

(Supreme Court, Special Term, New York County. September, 1902.)

1. DIVORCE—ADULTERY—BILL OF PARTICULARS.
   In an action by a husband for divorce for adultery, the wife is entitled to a bill of particulars showing the time, place, and circumstances of each act of adultery charged.

Action by Wallace B. Hunter against Minnie Hunter. Motion for alimony and counsel fees and bill of particulars. Motion granted.

George H. D. Foster, for the motions.
George Robinson, opposed.

GILDERSLEEVE, J. The motion is for $75 a week alimony and $300 counsel fee. The action is against the wife, who denies on oath the charge of adultery, and sets up a counterclaim of adultery, which, in turn, is denied in plaintiff's reply. The plaintiff swears that he is out of employment, and has no money with which to pay alimony and counsel fee. The defendant's affidavits show that plaintiff has been in receipt of $35 a week salary, and has earned considerable sums outside of his regular employment. Plaintiff swears that he has lost all the money thus earned in a business venture,—i. e., keeping a restaurant,—and is now living on the charity of his friends. I must have more definite proof of plaintiff's financial ability before I can fix the amount of alimony and counsel fee, as plaintiff's sworn statement of his extreme poverty is corroborated by two other witnesses, while the allegations to the contrary are somewhat vaguely based on information and belief. This motion is denied, with leave to renew. Settle order on notice.

The defendant makes another motion for a bill of particulars of the allegations of adultery set up in the complaint. The defendant desires the names of the men with whom she is charged with committing adultery, and the dates and places of such alleged acts of adultery, in order that she may not be subjected to undue surprise at the trial. She desires information, not of what the facts are, but of the facts which plaintiff will attempt to establish at the trial. Murray v. Mabie, 55 Hun, 38, 8 N. Y. Supp. 289. The complaint is very indefinite in its

---

¶ 1. See Divorce, vol. 17, Cent. Dig. § 346.

allegations, merely stating, upon information and belief, that defendant committed adultery with a number of different men, whose names are unknown to this plaintiff, in the city of New York, state of New York, state of New Jersey, and elsewhere, between the 1st day of January, 1896, and the time of the beginning of this action. In averring the offense, in an action for divorce on the ground of adultery, precision as to time, place, and circumstances is required. See Anonymous, 17 Abb. Prac. 48, and cases there cited. The case of De Carrillo v. De Carrillo, 53 Hun, 359, 6 N. Y. Supp. 305, does not apply here, as in that case the turning point was the failure of the moving party to make an affidavit, which is not the case here.

The third allegation of the complaint is sufficiently definite, as it gives the date and place of the alleged adultery, and states that the name of the man with whom the adultery was committed, as alleged, is unknown to plaintiff. With regard to the other allegations, however, the plaintiff must state with particularity the places, giving the streets and numbers, if in a city, and the dates of such alleged acts of adultery.

Ordered accordingly.